(91 Hun, 101.)

### PEOPLE ex rel. McCLELLAND v. ROBERTS, Comptroller.

(Supreme Court, General Term, Third Department. December 3, 1895.)

OFFICE AND OFFICER—APPOINTMENTS SUBJECT TO CIVIL SERVICE LAWS.

    Const. 1895, art. 5, § 9, providing that all appointments in the civil service of the state shall be made according to merit, to be ascertained by competitive examination, so far modifies Const. 1876, art. 5, § 3, relating to appointments by the superintendent of public works, and construed (People v. Angle, 17 N. E. 413, 109 N. Y. 564) to give the superintendent power to appoint his subordinates without regard to the civil service laws, as to bring said department under the operation of such laws. 34 N. Y. Supp. 641, affirmed.

Appeal from special term, Albany county.

Application by John William McClelland for a writ of mandamus to compel James A. Roberts, as comptroller of the state of New York, to draw his warrant for the payment of relator's salary as clerk in the office of collector of canal statistics. The application was denied (34 N. Y. Supp. 641), and relator appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Myer Nussbaum, for appellant.

Hale, Bulkeley & Tennant (Matthew Hale, of counsel), for respondent.

MAYHAM, P. J. On the 26th day of April, 1895, George W. Aldridge, superintendent of public works, delivered to the relator an appointment, in writing, appointing him a clerk to the collector of canal statistics at Albany, at a salary of $65 per month. The case discloses that the relator duly qualified and entered upon the discharge of the duties as clerk, under this appointment, on the 1st day of May, 1895, and continued in the discharge of the duties of such clerk for more than one month, and until the time of his application to the defendant for the payment of a month's salary, and that on the 15th day of June he demanded of the comptroller the payment of $65, as salary for the month of May, and that the defendant, as comptroller, refused to audit and pay the same, and that he still continues to refuse to audit and allow such claim. On such proof, and on other affidavits, and the certificate of his appointment, the relator applied to the court for an order to show cause why a peremptory mandamus should not be issued, compelling the comptroller to audit and allow the relator's claim for the salary claimed to be due him, as such clerk, for the month of May. On the return of such order to show cause, it appeared that the relator had not subjected himself to an examination before the civil service commissioners, and that his name did not appear upon the eligible list for appointments, under laws, rules, and regulations which had been adopted fixing the qualifications of clerks and employés in the civil service of this state. Upon such hearing the learned judge at the special term denied relator's application for a peremptory writ of mandamus, and from the order denying such application the relator appeals to this court.

The principal point upon which the decision and determination of the learned judge at special term turned seems to be as to the effect that must be given to section 9 of article 5 of the constitution of 1895, as qualifying or modifying the effect of section 3 of that article, under the provisions of which the last-mentioned section (which existed in the constitution of 1876) had been held in People v. Angle, 109 N. Y. 564, 17 N. E. 413, not to apply to appointees of the department of public works, and that such appointees were not subject to civil service examination. The learned judge at special term holds that the provision of section 3 of article 5, as it existed in the constitution of 1876, which is re-enacted in the constitution of 1895, was so far modified by the provisions of section 9 of article 5 of the last-mentioned constitution as to bring the department of public works under the operation of the civil service laws. This conclusion of the learned judge at special term is fortified by such cogent and, as appears to us, unanswerable reasons, that it commends his conclusions as the true interpretations of section 3 of article 5, as qualified by section 9 of the same article in the constitution of 1895. As the whole subject was elaborately discussed by the learned judge at special term, we think the order should be affirmed on his opinion. Order affirmed, with costs and printing disbursements.

PUTNAM, J., concurs.   HERRICK, J., not acting.