STATE *v.* ALBERT SHEDROI.

January Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed May 16, 1903.

*Peddler's license—Constitutional law—Equality clause—Class legislation—V. S. 4732, 4733.*

The discrimination made in V. S. 4733, in favor of honorably discharged soldiers, is unreasonable and arbitrary, and therefore unconstitutional, and renders V. S. 4732 unconstitutional.

INFORMATION for peddling without a license. Heard on a demurrer to the information, at the December Term, 1902, Caledonia County, *Watson,* J., presiding. Demurrer overruled, *pro forma,* and information adjudged sufficient. The respondent excepted.

*G. C. Frye* for the respondent.

The statute upon which this information is based is unconstitutional. It denies to the respondent the equal protection of the law. *Butcher's Union* v. *Crescent City Co.,* 111 U. S. 746, and cases cited (d). *State* v. *Hoyt,* 71 Vt. 59; *State* v. *Cadigan,* 73 Vt. 245. The statute, although composed of several sections, is on entire law. *Ryegate* v. *Wardsboro,* 30 Vt. 746; *Warren* v. *Mayor, etc.,* 2 Gray, 84; *People* v. *Porter,* 90 N. Y. 68; *Dells* v. *Canada,* 49 Wis. 55.

*M. G. Morse,* State's Attorney, for the State.

The Legislature may impose a license upon one occupation and not upon another, so long as no discrimination is made among those engaged in the occupation taxed. *State* v. *Hodgson,* 66 Vt. 134; *State* v. *Harrington,* 68 Vt. 622.

The act should not be held unconstitutional as a whole. Black on Interp. 96, and cases cited.

WATSON, J. The respondent is informed against for becoming a peddler without a license in force, under the provisions of V. S. c. 198, as amended by No. 94, Acts of 1900, and the case is here upon demurrer to the information. It is contended that the law upon which this information is based is in conflict with the 14th Amendment to the Constitution of the United States.

That the license fee required to be paid under the provisions of this chapter for the privilege of selling goods as a peddler is a tax upon the goods themselves, was determined by this Court in *State* v. *Hoyt,* 71 Vt. 59, 42 Atl. 973. In that case, the law was held to discriminate unjustly against goods manufactured in this State, and for that reason unconstitutional. Later the law was so amended as to avoid such discrimination. Acts of 1900, No. 94.

V. S. 4732 provides that a person who becomes a peddler without a license in force, as provided in that chapter (198) shall be fined not more than three hundred dollars, and not less than fifty dollars.

By V. S. 4733, persons resident of this State who served as soldiers in the war for the suppression of the Rebellion in the Southern States, and were honorably discharged, are exempt from the payment of a license tax under the provisions of that chapter. It is urged that herein the law unjustly discriminates in favor of such soldiers and against other persons, by reason of which it is in violation of the 14th Amendment, whereby no State can "deny to any person within its jurisdiction the equal protection of the laws."

Can such an exemption be made by the Legislature without affecting the validity of the general provisions of that chapter, is the question.

In *Bell's Gap R. R. Co.* v. *Penn.* 134 U. S. 232, 33 L. Ed. 892, speaking through Mr. Justice BRADLEY, the Court said: "The provision of the 14th Amendment that no State shall deny to any person within its jurisdiction the equal protection of the laws, was not intended to prevent a State from adjusting its system of taxation in all proper and reasonable ways. It may, if it chooses, exempt certain classes of property from any taxation at all, such as churches, libraries, and the property of

charitable institutions.    It may impose different specific taxes upon different trades and professions, and may vary the rates of excise upon various products; it may tax real estate and personal property in a different manner; it may tax visible property only and not tax securities for payment of money; it may allow deductions for indebtedness or not allow them.    All such regulations, and those of like character, so long as they proceed within reasonable limits and general usage, are within the discretion of the State Legislature, or the people of the State in framing their Constitution.    But clear and hostile discriminations against particular persons and classes, especially such as are of an unusual character, unknown to the practice of our governments, might be obnoxious to the constitutional prohibition.    It would, however, be impossible and unwise to attempt to lay down any general rule or definition on the subject that would include all cases.    They must be decided as they arise.    We think we are safe in saying that the 14th Amendment was not intended to compel a State to adopt any iron rule of equal taxation."    And in *Barbier* v. *Connolly*, 113 U. S. 27, 28 L. Ed. 923, the Court, speaking through Mr. Justice FIELD, said this Amendment "in declaring that no State 'shall deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws,' undoubtedly intended not only that there should be no arbitrary deprivation of life or liberty, or arbitrary spoliation of property, but that equal protection and security should be given to all under like circumstances in the enjoyment of their personal and civil rights; that all persons should be equally entitled to pursue their happiness and acquire and enjoy property; that they should have like access to the Courts of the country for the protection of their persons and property, the prevention and redress of

wrongs, and the enforcement of contracts; that no impediment should be interposed to the pursuits of anyone except as applied to the same pursuits by others under like circumstances; that no greater burdens should be laid upon one than are laid upon others in the same calling and condition, and that in the administration of criminal justice, no different or higher punishment should be imposed upon one than such as is prescribed to all for like offenses." And in *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283, 42 L. Ed. 1037, it is said that the rule only prescribes that the "law have the attribute of equality of operation; and equality of operation does not mean indiscriminate operation on persons merely, as such, but on persons according to their relation." Such is the rule laid down by this Court in *State* v. *Hoyt,* above cited. It was there held that the mere fact of classification is not enough to exempt the operation of the statute from the equality clause of the Constitution, but that it must also appear that the classification made is one based upon some reasonable ground, some difference which bears a just and proper relation to the attempted classification, and not a mere arbitrary selection.

By the law in question, the Legislature has made a classification by placing persons resident of the State, who served as soldiers in the Civil War, and were honorably discharged, in one class, and all other citizens together in another class. All persons engaged in the business of peddling, whether they belong to the one class or the other, must have a license in force, or be subject to a penalty; but a license tax is required to be paid by persons in the latter class, while a license may be had by all in the former class without the payment of such tax. The classification, therefore, is one of taxation. From one class a tax on their goods authorized so to be sold is exacted for the privilege of doing business as a peddler, while the other

class may carry on the same business in the same manner, sell the same kind and quality of goods in the same territory, without payment of such tax.

Does this classification have the equality of indiscriminate operation on all persons licensed thus to do business according to their relations? Upon the answer to this question's being in the affirmative or in the negative depends the validity or the invalidity of the law in question under the equality clause of the 14th Amendment.

Upon what basis does the attempted classification rest? There is no basis upon which it can rest except that persons in the one class served as soldiers in the Civil War and were honorably discharged, and those of the other class did not so serve, or were not honorably discharged. This classification is dependent solely on a condition of things long since past, and not on a present situation or condition, nor on a substantial distinction having reference to the subject matter of the law enacted. The veterans were originally from no particular class, and when discharged from the army, they returned to no particular class,—they again became a part of the general mass of mankind, with the same constitutional rights, privileges, immunities, burdens and responsibilities as other citizens similarly circumstanced in law, in the same jurisdiction.

Assuming that thus to have served as a soldier and to have received an honorable discharge may well merit reasonable considerations at the hands of the State in recognition of patriotism and valor in defense of a common country, yet such considerations cannot exceed those constitutional limits established for the welfare and protection of the whole; for equal protection of the laws requires "that all persons subjected to such legislation shall be treated alike under like circumstances

and conditions, both in the privileges conferred and liabilities imposed." *Magoun* v. *Bank,* above cited.

It cannot be said that service as a soldier in the Civil War and the receipt of an honorable discharge bear any relation to the business of a peddler as defined by the law under consideration. There is no difference between the present conditions and circumstances of such veterans and those of other citizens regarding the relations to the law or the attempted classification. In fact, according to their relations, they are of the same class, and any attempted classification between them is but a mere arbitrary selection, and based upon no reasonable grounds.

In *State* v. *Hoyt,* referring to the equality clause, it is said that it is enough if there is no discrimination in favor of one against another of the same class; but that, when such discrimination exists, it impairs that equal right which all can claim in the enforcement of the laws. And the cases of *State* v. *Harrington,* 68 Vt. 623, 35 Atl. 515, 34 L. R. A. 100, and *State* v. *Cadigan,* 73 Vt. 245, 50 Atl. 1079, 57 L. R. A. 666, are much in point. In the former, the respondent was charged with selling and exposing for sale goods, wares, and merchandise as an "itinerant vendor," without a license therefor. It was contended upon demurrer to the information that the law upon which the prosecution was based discriminated between itinerant vendors and resident vendors, and between classes of itinerant vendors, and therefore it was in conflict with both the State and Federal Constitutions. It was held that the State might require a license fee from persons in one occupation, and not from those in another, provided no discrimination was made between those of the same class. In the latter case, the respondent was charged with acting as agent of a partnership organized under the laws of the State of New York in selling certain municipal bonds here without the

partnership having procured a license from the Inspector of Finance, etc., as required by the laws of this State. It was held that to discriminate between residents of our own State by denying to one class the privilege of transacting business without complying with conditions and exactions not required of others, when the ground of classification is wholly fanciful and arbitrary, is a denial of the equal protection of the laws.

The constitutional right of a State Legislature to discriminate in favor of persons who served in the army or navy of the United States in the Civil War, has been before the Court of last resort in several of the sister States. In New York, the Constitution provides that appointments and promotions in the civil service "shall be made according to merit and fitness, to be ascertained so far as practicable by examinations which, so far as practicable, shall be competitive." In the matter of *Keymer,* 148 N. Y. 219, 35 L. R. A. 447, it was held that a provision of the civil service law in effect that as to honorably discharged soldiers and sailors of the Civil War competitive examinations should not be deemed practicable or necessary in cases where the compensation or other emolument of the office does not exceed four dollars per day was in conflict with the Constitution. And a somewhat similar law in Massachusetts, purporting absolutely to give veterans particular and exclusive privileges different from those of the community in obtaining public office, was held to be not within the constitutional power of the Legislature. *Brown* v. *Russell,* 166 Mass. 14, 32 L. R. A. 253.

In Iowa, the Constitution provides that "all laws of a general nature shall have a uniform operation; the General Assembly shall not grant to any citizen or class of citizens privileges or immunities which, upon the same terms, shall equally belong to all citizens." A statute requiring peddlers to pro-

cure a license and to pay a license tax contained the provision that the section requiring the payment of the tax should not be held to apply "to persons who have served in the Union army or navy." In *State* v. *Garbroski,* 111 Iowa, 496, 56 L. R. A. 570, it was contended that because of this immunity from the tax to peddlers who so served in the army or navy, the law was void. In an extended opinion reviewing many authorities, the Court, saying that the attempted classification is based on no apparent necessity or difference in condition or circumstances that have any relation to the employment in which the veteran of the Civil War is authorized to engage without paying license, and that it savors more of philanthropy than of reasonable discrimination based upon real or apparent fitness for the work to be done, held the law unconstitutional.

We think it clear that the discrimination made in the law in question, in favor of persons who served in the War of the Rebellion and were honorably discharged, is without reasonable ground and arbitrary, having no possible connection with the duties of the citizens as tax payers, and their exemption from the payment of the tax therein required of others exercising the same calling is pure favoritism, and a denial of the equal protection of the laws. It follows that section 4732 of the Vermont Statutes is unconstitutional and without force, and that section 4733 of the Vermont Statutes, so far as it relates to the payment of licenses required by said chapter 198, is unconstitutional and without force.

*Pro forma judgment reversed, demurrer sustained, information adjudged insufficient and quashed, the respondent discharged and let go without day.*