## STATE *v.* ABRAM H. ABRAHAM.

January Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, AND WATSON, JJ.

Opinion filed August 12, 1905.

*Constitutional Law—Class Legislation—Statutes—Unconstitutional in Part—Practice of Pharmacy—V. S. 4662, 4663.*

The purpose of V. S. Chapter 192, relative to the practice of pharmacy, is to secure the safety of the public, and any discrimination in favor of a particular class of dealers in drugs and medicines must be based upon some difference which has a just relation to that purpose.

V. S. 4662, as amended by No. 112, Acts 1902, forbidding any unlicensed pharmacist to practice pharmacy, is rendered wholly void by the unconstitutional discrimination made by its provision: "The provisions of this act shall not apply to a widow of a registered pharmacist, or the administrator of the estate of a deceased registered pharmacist."

The sale at retail of drugs, medicines, and poisons is included in the practice of pharmacy.

That exception in V. S. 4663, which permits dealers in general merchandise to sell "drugs, medicines, and poisons" without a license is an unconstitutional discrimination and, therefore, void; but that clause is separable from the rest of the section, and, with V. S. 4662 as amended, may be rejected without otherwise interfering with V. S. Chap. 192.

INFORMATION for practicing pharmacy without a license. Heard on a demurrer to the information at the March Term, 1903, Rutland County, *Haselton,* J., presiding. Demurrer overruled, and information adjudged sufficient. The respondent excepted.

*Butler & Moloney* for the respondent.

The Legislature cannot, constitutionally, give licensed pharmacists the exclusive right to sell patent medicines and drugs, nor discriminate against dealers in general merchandise. *Noel* v. *People,* 79 Am. St. Rep. 243; *Gulf Colo. Co. etc.* v. *Ellis,* 165 U. S. 150; *State* v. *Gardner,* 65 Am. St. Rep. 785; *State* v. *Donalson,* 41 Miss. 74.

*Wm. H. Preston,* State's Attorney, for the State.

MUNSON, J. This demurrer raises the question whether V. S. 4662, as amended by No. 112, Acts of 1902, is constitutional. This section, so amended, declares that it shall be unlawful for any person not licensed as a pharmacist to practice pharmacy, or to indicate in any manner that his place of business is used as a pharmacy, or "to expose for sale at retail any drugs, chemicals or poisons," unless such place of business shall be conducted, managed or controlled by a licensed pharmacist in accordance with the provisions of the act. The amended section is a part of Chapter 192 of the Vermont Statutes, relating to the practice of pharmacy. Section 4663 of this chapter provides that nothing in the chapter shall be construed to apply "to the sale of drugs, medicines and poisons" by dealers in general merchandise. It is claimed that these provisions create an unjust discrimination between general merchants and other unlicensed dealers in drugs.

Section 4662 makes it unlawful for an unlicensed person to practice pharmacy; and it is clear that the sale at retail of drugs, medicines and poisons is included in the practice of pharmacy. This section also forbids in various terms the advertising of such person's place of business as a place so used. But the exception in section 4663 permits dealers in general merchandise to sell "drugs, medicines and poisons"

without a license. This permission carries with it, in the absence of express limitation, the right to advertise the business thus permitted. So we have the privilege of advertising and selling drugs, medicines and poisons accorded to general merchants and denied to unlicensed pharmacists; and our next inquiry is, whether there is a sufficient ground for discriminating between these classes.

We think the discrimination cannot be sustained. The general purpose of the chapter is to secure the safety of the public, and any discrimination in favor of a particular class of dealers must be based upon some difference that has a just relation to that purpose. If unskilled and incompetent owners of pharmacies cannot be trusted to sell drugs, medicines and poisons at retail, there is no apparent reason why dealers in general merchandise should be permitted to sell them. The constitutional provision and the application of it have been so fully considered in recent cases that a more extended treatment of the question seems unnecessary. *State* v. *Harrington,* 68 Vt. 622, 35 Atl. 515; *State* v. *Hoyt,* 71 Vt. 59, 42 Atl. 973; *State* v. *Cadigan,* 73 Vt. 245, 50 Atl. 1079; *State* v. *Shedroi,* 75 Vt. 277, 54 Atl. 1081; *State* v. *Scampini,* 77 Vt. 92, 59 Atl. 201.

The amended section also provides that the act (chapter) shall not apply to the widow of a registered pharmacist, or the administrator of the estate of a deceased registered pharmacist. This exception may have had its origin in some idea regarding the necessity of a sale in the settlement of estates, but the provision is so sweeping that it authorizes unskilled persons to do, without limitation as to time or stock, everything that is prohibited to other owners of like property. This exception is clearly within the reason given in disposing of the previous point.

It remains to determine how much of the chapter must be eliminated to relieve it of this objection. We think the frame and substance of section 4662 as amended, and the nature and scope of the business to which it relates, are such that the entire section must be stricken out. The clause of section 4663 which makes the exception in question, is separable from the rest of the section; and this clause, with section 4662 as amended, may be rejected without otherwise interfering with the chapter. We hold that V. S. 4662, as amended by section two of No. 112 of the Acts of 1902, and the clause of V. S. 4663 which relates to dealers in general merchandise, are unconstitutional and void.

*Judgment reversed, demurrer sustained, information adjudged insufficient, and respondent discharged.*