═══════════

**In re BECK.**

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

1. MUNICIPAL CORPORATIONS (§ 197*)—CIVIL SERVICE LAW—FIREMEN—PROMOTIONS.

    Greater New York Charter (Laws 1901, p. 48, c. 466), § 124, provides that promotions in the public service shall be made as prescribed by the Constitution and the civil service law. Section 728, p. 306, provides, in

───────────────────────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

regard to the fire department, that promotions shall be made by the fire commission as provided in section 124, on the basis of seniority, meritorious service, etc., as shown by competitive examination, and that the fire commissioner shall transmit to the municipal civil service commission in advance of examination a complete record of each candidate for promotion. Section 739, p. 310, empowers the fire commissioner to adopt rules for the government of the fire department. Under the rules adopted, provision was made for investigation of meritorious acts of firemen, and Municipal Civil Service Commission Rule 9, par. 5, provides that no examination paper, or record, or part of an examination, shall be subject to review, or rerating after the marks of the examiners have been registered. Rule 15 provides that conduct, seniority, and efficiency in previous service shall be determined from the efficiency record between the date of the original appointment of the candidate and the final date of receiving the application for any stated examination. *Held*, that the commission is limited to the record as it exists at the time of the examination, and that the efficiency record cannot be changed to increase the standing of a candidate because of the subsequent recognition by the commission of meritorious acts performed by him.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 197.*]

2. MUNICIPAL CORPORATIONS (§ 197*)—CIVIL SERVICE LAW—FIREMEN—PROMOTION.

That the board made a mistake regarding a candidate, and gave him the benefit of meritorious acts not recognized until after the examination, did not accrue to the benefit of another candidate and entitle him to credits under similar circumstances.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 197.*]

Appeal from Special Term, New York County.

Application by William T. Beck for a peremptory writ of mandamus against Frank L. Polk and others, constituting the Municipal Civil Service Commission of the City of New York. From an order directing a peremptory writ to issue requiring the rerating of petitioner on the eligible list of the civil service, respondents appeal. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Francis K. Pendleton, Corp. Counsel (Elliott S. Benedict, of counsel, and Theodore Connoly, on the brief), for appellants.

James O'Malley, for respondent.

CLARKE, J. Relator is a first-grade fireman in the fire department of the city of New York. On or about September 23 to September 27, 1907, a competitive examination was held by the municipal civil service commission for the position of assistant foreman in the fire department for all firemen who were eligible to the position. Relator was eligible and took such examination, and on the 7th of January, 1908, received notice from the secretary of said commission that he had successfully passed the examination and had received a rating of 86.70 per cent. When the eligible list was announced, relator's name appeared as No. 199; said list containing the names of 1,120 successful candidates. Relator's rating was based upon two elements, namely,

mental average and seniority. Upon mental average relator was given a total of 80.40 per cent., which, counting for 50 per cent. of the final rating, amounted to 40.20 per cent. On seniority relator received 93 per cent., which, counting for 50 per cent. of the final, amounted to 46.50 per cent. These two averages made up his total rating of 86.70.

Relator claims that he is entitled to credit for two meritorious acts performed by him during his service in the fire department, in addition to the credit given to him by the examiners. If he is so given credit, he will be entitled to a rating of four additional points upon seniority or a total of 97 per cent. upon this part of his examination which would make his final rating a total of 88.70 per cent. This increased rating would advance the relator 116 numbers on the list, namely, from 199 to No. 83, and he would be entitled upon this increased standing to immediate promotion. In this proceeding he prays for a peremptory writ of mandamus to compel the municipal civil service commission to so rerate him, and from the order granting said motion this appeal is taken.

By section 739 of the Greater New York Charter (chapter 466, p. 310, Laws 1901), the fire commissioner is given power to adopt rules and regulations and orders for the government and discipline of the fire department. By the rules so adopted, provision was made for investigation of particulars of meritorious acts by firemen and for recommendation for entry upon the roll of merit under four classifications, of which class B was for "assisting endangered persons to escape when attended by some personal risk to the member performing the act, when in the line of duty." Class D:

"All other acts in the line of duty without personal risk, but highly and unusually commendable, such as assisting in the rescue of endangered persons or the exhibition of coolness, presence of mind and fertility of resource in a marked degree."

Section 124 of the charter provides that appointments and promotions in the public service of the city of New York shall be made in the manner prescribed by the Constitution and the civil service law. Section 728 provides, in regard to the fire department, that:

"Promotions of officers and members of the force shall be made by the fire commissioner as provided in section 124 of this act on the basis of seniority, meritorious service in the department and superior capacity as shown by competitive examination. Individual acts of personal bravery may be treated as an element of meritorious service in such examination, the relative rating therefor to be fixed by the municipal civil service commission. The fire commissioner shall transmit to the municipal civil service commission in advance of such examination the complete record of each candidate for promotion."

There is in the fire department a board of merit, to which was assigned the duty of considering the meritorious acts of members performed and to make recommendations to the fire commissioner respecting the placing of the name of any member of the department on the roll of merit. On December 29, 1908, the petitioner received two letters from the secretary of the fire department, each dated December 28th, one notifying him that upon the recommendation of the board of merit, dated December 19, 1908, his name had been ordered placed on the roll of merit, class D, for meritorious action at fire No. 4 York

street, February 1, 1905, and that upon the recommendation of said board dated November 23, 1908, his name had been placed on the roll of merit, class B, for meritorious action at fire No. 49 Bowery, June 18, 1903.

Under rule 15 of the rules of the municipal civil service commission, in force at the time the examination for assistant foreman here under consideration was had, it was provided, in subdivision 6:

"The subjects of rating and the relative weights thereof in any competitive promotion examination shall be as follows: For comparative conduct, seniority and efficiency in previous service, as may be determined from the transcript of the efficiency record (or as may be otherwise determined under paragraph 8 of this rule), between the date of the original appointment of the candidate and the final date for the receiving of applications for any stated examination, 50; and for written papers on pertinent subjects, 50 * * * (7) To provide a basis of rating for previous service, there shall be kept in each department or office continuous and permanent records of the efficiency, character and conduct of all persons employed in graded positions therein. Such records shall be known as 'efficiency records,' and the entries made therein shall have reference to: (a) Quality of work performed by each such officer or employé; (b) the quantity of work performed by him; (c) his general conduct; (d) his punctuality and attendance; (e) his executive ability and capacity for initiative, where his work is of a character that will permit definite estimation. (8) The entries upon an efficiency record shall be made by the administrative officer most closely in touch with the work of the officer or employé to be rated, who shall be designated for such purpose by the appointing officer. Such entries shall be made monthly, and the following terms shall be employed to indicate the degree of efficiency; (a) Far above average; (b) above average; (c) average; (d) below the average; (e) far below the average. A transcript or summary of such record and all rewards or measures of discipline shall be furnished to the commission annually and shall contain the certification of the appointing officer that such entries were made monthly; and whenever the commission so requires, like certification of the full record of each candidate shall be furnished by the appointing officer in advance of a particular examination."

Rule 9 of said commission, relating to the correction of the marks of candidates given on examination, is as follows:

"Par. 5. No examination paper or any part thereof, and no record of the results of a physical test, or any other record or statement rated as part of an examination, or in connection therewith, shall be subject to review, alteration or rerating after the marks of the examiners have been registered or attested as required hereunder; except that the commission, at any time within a year from the date of the certification of an examination, may correct any manifest error or mistake of marking or rating appearing in any such paper or record, the nature of which it shall set forth in its minutes; such correction, in any case, to be without prejudice to the status of any person previously appointed as a result of such examination."

It is alleged in the petition, and not denied, that the commission upon the seniority record for meritorious acts gives three points additional for meritorious acts each in class A and class B, and one point additional for meritorious acts each in classes C, D, and E. The petitioner claims that, upon the recommendation of the board of merit and the act of the commissioner in placing him upon the roll of merit in class B and class D, he was entitled to four additional points, which would result, if added to his record, seniority counting as 50 per cent., in increasing his rating two actual points. In January he requested the civil service commission to reconsider and rerate his record paper by

the addition of said counts. This application was refused by letter of January 13, 1909.

The situation presented is this: Relator performed a meritorious act on June 18, 1903, and another on February 1, 1905. In September, 1907, he went into a competitive civil service examination for promotion. At that time his record of efficiency did not contain the recognition of such meritorious acts required to give him the additional points he now claims because they had not been passed upon by the board of merit and approved by the fire commissioner. He took the examination, and upon his efficiency record, as it then existed, and his examination, he received a rating and a position upon the eligible list, of which, upon the record and upon the examination, he does not complain. On December 28, 1908, a year and three months after said examination, he is informed that the fire commissioner, upon the recommendation of the board, has just approved the formal recognition of his meritorious acts by putting his name upon the roll of merit in the designated classes; and in January following he demands a rerating, which, being declined, in September, 1909, he institutes this proceeding for a mandamus.

While we think there has been an extraordinary delay in the fire department in the consideration of the meritorious conduct of the relator, that is a matter which did not come within the purview of the municipal civil service commission, and is not involved in this proceeding. As we read the statutes and the rules, the record of seniority, which includes efficiency and meritorious conduct, must be that which exists at the time the examination is taken, as the mental examination is that which is taken at said time; and that the efficiency record can with no more propriety be changed for the purpose of increasing standing upon the eligible list by events which occurred subsequent to the examination for promotion, than a candidate could increase his standing upon the mental side of the examination by showing that since that time he had increased his knowledge. No other interpretation would be fair or just. Any change based upon subsequent events would invite hostile criticism of the whole system and tend to induce a belief in unfairness and favoritism in the minds of the members of the department and of the public.

Section 728 of the charter, hereinbefore cited, expressly provides that:

"The fire commissioner shall transmit to the municipal civil service commission, in advance of such examination, the complete record of each candidate for promotion."

Rule 15 of the municipal civil service commission provides that "conduct, seniority and efficiency in previous service" shall be determined from the efficiency record "between the date of the original appointment of the candidate and the final date of the receiving of applications for any stated examination," and again, in the same rule:

"And whenever the commission so requires, like certification of the full record of each candidate shall be furnished by the appointing officer in advance of a particular examination."

And rule 9, par. 5, provides:

"That no examination paper * * * or any record or statement rated as part of an examination, or in connection therewith, shall be subject to review, alteration or rerating after the marks of the examiners have been registered or attested as required hereunder."

There can be no doubt, it seems to us, from these provisions, that the municipal civil service commission must be limited to the record as it exists at the time of the examination.

The relator complains that a number of members of the fire department who had performed meritorious acts prior to the examination, which were not recognized by the board of merit until thereafter, received the benefit thereof upon the list. The commission admits the facts, but states that this rerating was had before the publication of the list on the 30th of December, 1907. We do not think that the publication of the list affects the question. The status of the candidates at the time they took the examination is the crucial question; but the relator takes no benefit because the board made a mistake in regard to another man. He comes into court claiming a legal right. He must stand upon his own case. He is not entitled to the peremptory writ of mandamus unless he establishes a strict legal right. That he has not done.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.