ROBERT HELLYER, Respondent, *v.* WILLIAM A. PRENDERGAST, as Comptroller of the City of New York, EUGENIA S. PRENGEL and Others, Appellants.

Second Department, January 5, 1917.

Municipal corporations — civil service, city of New York — employment of person not resident of this State — municipal ordinance forbidding such appointment or promotion valid and constitutional — respective powers of board of aldermen and board of health — pleading — municipal ordinance — taxpayer's action.

An ordinance of the city of New York providing that no person not a citizen and an actual resident and dweller in good faith in the city of New York shall be eligible to appointment or employment in any of the departments of the city government is valid and renders ineligible for such appointment a person who is not a resident of this State.

Although a resident of another State was appointed a nurse in the department of health of the city of New York before said ordinance went into effect, she became ineligible, for the ordinance refers to a state of employment as well as to an act of employment.

Although section 2 of article 10 of the State Constitution requires that all city officers shall be elected or appointed by such authorities as the Legislature shall designate, and although section 1318 of chapter 466 of the Laws of 1901 empowers the board of health to appoint officers and agents of the department of health and gives them exclusive charge thereof, the latter power is not superior to that of the board of aldermen to prescribe the qualifications of municipal employees under the Home Rule Act. Thus although the board of aldermen cannot select the individuals to be employed by the board of health, it may require that they be citizens resident of the State.

Even though such non-resident was qualified for appointment in that
the requirement of State citizenship was waived, she was not qualified
for promotion.

The pleading of a taxpayer asserting the invalidity of such appointment
and promotion which sufficiently identifies the municipal ordinances
involved, need not set them out *in extenso*.

A taxpayer may maintain an action to test the validity of such appoint-
ment and promotion without showing special damage.

APPEAL by the defendants, William A. Prendergast, as
comptroller, and others, from so much of an order of the
Supreme Court, made at the Kings County Special Term and
entered in the office of the clerk of the county of Kings on the
3d day of October, 1916, as overrules their demurrer to the
complaint and grants plaintiff's motion for judgment on the
pleadings.

*William E. C. Mayer* [*Lamar Hardy, Corporation Coun-
sel, Terence Farley* and *Elliot S. Benedict* with him on the
brief], for the appellants the comptroller, the commissioner of
health and the civil service commissioners.

*Max Leff,* for the appellant Prengel.

*Louis H. Pink,* for the respondent.

THOMAS, J.:

The questions are whether a woman, not a citizen of the
State of New York, was legally appointed to the position of
nurse in the department of health of the city of New York, and
whether she was legally promoted to the position of supervis-
ing nurse without competitive examination. The court decided
properly that she was not legally appointed or promoted. The
ordinance of the city (Code Ord. 1915, chap. 16, art. 1, § 1,
originally passed April 29, 1913, Cosby's Code Ord. [Anno.
1915], p. 259; Cosby's Code Ord. [Anno. 1914], pp. 458, 459)
provides: "No person not a citizen and an actual resident and
dweller in good faith in the State of New York shall be eligible
to appointment or employment in any of the departments,
boards, bureaus or branches of the government of the city."
It is urged that the ordinance is not retroactive. It does not
need to be so construed. The ordinance forbids the "employ-
ment" of a non-resident. That refers to a state of employ-

ment as well as to an act of employment. When the nurse was employed the ordinance did not exist, but after it was passed she was in " employment " contrary to its terms. It makes citizenship and residence a qualification of abiding in the office. But the appellants make the argument that the Constitution (Art. 10, § 2) requires that all city officers " shall be elected  *  *  *  or appointed by such authorities thereof, as the Legislature shall designate for that purpose; " that the charter (Laws of 1901, chap. 466, § 1318) provides that " the board of health shall have power to appoint all the officers and agents of the department of health, of whatever name or character soever, and shall have exclusive charge and control of, and the exercise of, all the rights, powers, duties and privileges of said department." Thereupon is built the argument that the imposition of the qualification of citizenship and residence by applicants trenches on the constitutional power of the board of health, transmitted by the statutes indicated, and that the case falls within decisions similar to *People ex rel. Balcom* v. *Mosher* (163 N. Y. 32, 41). But it is not contended that the Legislature could not authorize the board of aldermen to prescribe the qualification. That would dispute *People* v. *Crane* (214 N. Y. 154). The fault of the appellant's argument is that the Legislature has, in distributing powers, enabled the board of aldermen to determine that its officers and employees shall not be aliens and non-residents, with foreign allegiance, alliances and interests, but members of the State and dwellers in it. The requirement is so obviously proper that the city shall not be conducted by persons obligated to a foreign State or nation that it would seem inherently a governmental right to declare the qualification. But by statute comprehensive legislative powers have been given the city. (Charter, § 44, as amd. by Laws of 1905, chap. 629.) What is called the Home Rule Act (General City Law [Consol. Laws, chap. 21; Laws of 1909, chap. 26], art. 2a, as added by Laws of 1913, chap. 247) has these sections: "§ 19. General grant of powers. Every city is granted power to regulate, manage and control its property and local affairs and is granted all the rights, privileges and jurisdiction necessary

and proper for carrying such power into execution. No enumeration of powers in this or any other law shall operate to restrict the meaning of this general grant of power, or to exclude other powers comprehended within this general grant. § 20. Grant of specific powers. Subject to the Constitution and general laws of this State, every city is empowered: * * * 17. To determine and regulate the number, mode of selection, terms of employment, *qualifications,* powers and duties and compensation of all employees of the city and the relations of all officers and employees of the city to each other, to the city and to the inhabitants." It is seen that while the Legislature has committed power of appointment to the board of health, it has also clothed the central local authority, the body in whom resides the primary municipal control, with the ability, not to select individual employees in the board of health, but to confine the employment of the individuals to the great body of citizens resident of the State. These sections quoted would feebly endow the city if a power so coextensive with the purposes of its creation and essential to its self-government were denied it, and if every department subordinate to the general local authorities could summon to its administration those who owe the State no political obedience. Regulation 6 of the municipal civil service commission is: " 1. Applicants for positions in the Competitive or the Labor Class shall specify in each case the position or positions for which they wish to apply. 2. No application will be accepted from any person: (a) Who is not a citizen of the United States, except that this requirement may be waived by the resolution of the Commission in the case of positions requiring scientific, educational or professional qualifications of a high or unusual order; (b) Who is not a resident of the State, or of the city, or of a particular borough, where such residence is required by law." Authorized regulations have the force of law. (See Civil Service Law, § 6.) In the complaint it is alleged that the requirement of citizenship was waived. That shows that the applicant was qualified for appointment so far as the regulation is concerned. But she was not qualified for promotion. It is urged that the regulations were not pleaded. The pleading shows the primary fact that the regulation exists, and the

essential part of it is stated sufficiently to identify the regulation. I am referred to no authority that the regulation must be set forth *in extenso*. So it is sufficient to allege that the position of nurse was at the time and is a classified position, and that "The position of Supervising Nurse is a duly constituted position of the competitive class under the classified civil service, as provided by the Civil Service Law and the rules and regulations of the Municipal Civil Service Commission of The City of New York, and has been such since 1903." It is true that the rules could be and should be better identified by reference, but that is a matter of greater clearness in pleading, for which the court can provide. It is urged that the plaintiff cannot maintain the action without showing special damages. The Civil Service Law (Consol. Laws, chap. 7 [Laws of 1909, chap. 15], § 28, as amd. by Laws of 1914, chap. 513) provides: "Any taxpayer shall have the right to bring an action in the Supreme Court to restrain the payment of salary or other compensation to any person appointed to or holding any office, place or employment in violation of any of the provisions of this chapter, and such right shall not be limited or denied by reason of the fact that said office, place or employment shall have been classified as, or determined to be, not subject to competitive examination." The mere illegality of the appointment is sufficient to authorize the intervention of a taxpayer. (*Peck* v. *Belknap*, 130 N. Y. 394.)

The order, in so far as appealed from, should be affirmed, with ten dollars costs and disbursements.

CARR, STAPLETON, MILLS and RICH, JJ., concurred.

Order, in so far as appealed from, affirmed, with ten dollars costs and disbursements.