In the Matter of the Application of CHARLES BARTHELMESS and Others, Appellants, *v.* MORRIS CUKOR, President, and THOMAS R. KILLILEA and WILLIAM DRENNAN, Composing the Municipal Civil Service Commission of the City of New York, Respondents.

First Department, December 3, 1920.

**Civil service — preferences in promotion of World War veterans as police sergeants in New York city — constitutional law — Military Law, section 245, subdivision 7, constitutional — New York Constitution, article V, section 9, construed.**

Subdivision 7 of section 245 of the Military Law, as added by chapter 241 of the Laws of 1919 and amended by chapter 282 of the Laws of 1920, in reference to preferences in the promotion and appointment of veterans of the military or naval service to civil service positions, is not invalid as violating section 9 of article 5 of the State Constitution which grants preferences to veterans of the Civil War, and the petitioners, members of the New York city police department who had passed the promotion examination for police sergeant, were not entitled to an order directing the municipal civil service commission of New York city to recall and annul a certification for promotion of the name of a World War veteran who in rating was not among the first three on the list.

It must be assumed that the Legislature in respect to the preferences now in question meant merely that the names of those in whose favor the preference is given should be certified for appointment and promotion in the order of their respective ratings on the eligible list *following* the names, if any, of honorably discharged soldiers and sailors of the Civil War for whom a preference is provided by section 9 of article 5 of the State Constitution.

Citizens possess no constitutional right to appointments or promotions in the public service but these are privileges only, which may be conferred for reasons deemed sufficient by the Legislature upon all of the same

class, provided there is no discrimination with respect to classification and a classification based on military or naval service may not be said to be arbitrary or declared void on that ground.

The preferences granted to Civil War veterans by the Constitution are not exclusive of all others and the Legislature was not stripped of all power thereby with respect to granting preferences in appointments and promotions.

APPEAL by the petitioners, Charles Barthelmess and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of June, 1920, denying their motion brought on an order to show cause dated May nineteenth and returnable May twentieth to have the respondents, constituting the municipal civil service commission of New York city, recall and annul a certification of the name of George W. Cook to the police commissioner as eligible for promotion to fill a vacancy in the rank and grade of police sergeant and directing them to certify the names of Matthew D. Kelly, Richard Holt and Edward J. Gnotosky, whose names were at the head of the eligible list as eligible for such promotion.

*Samuel H. Ordway* of counsel [*Albert de Roode,* attorney], for the appellants.

*Willard S. Allen* of counsel [*John F. O'Brien* and *Arthur Sweeny* with him on the brief; *John P. O'Brien, Corporation Counsel*], for the respondents.

*Francis N. Bangs* and *Merrill E. Gates, Jr.,* as *amici curiœ* in behalf of George W. Cook and others, war service veterans.

*Alfred J. Talley* and *Denis R. O'Brien* as *amici curiœ* for the Civil Service Forum.

*Cornelius W. Wickersham* as *amicus curiœ* for American Legion — Department of New York, Inc.

LAUGHLIN, J.:

The only point argued or claimed to be presented by the appeal is whether it was competent for the Legislature to

grant a preference in promotion and appointment to those on the eligible list for promotion to the rank and grade of sergeant who entered the military or naval service of the United States during the World War; and the precise application of the point is with respect to the constitutionality of subdivision 7 of section 245 of the Military Law, as amended by chapter 282 of the Laws of 1920. That statute, so far as here material, provides in effect that any State or municipal officer or employee who took and passed an examination for promotion, in which he was entitled to participate, while in the military or naval service of the State or of the United States or took and passed a special examination, as therein provided, for such promotion or after passing such an examination, entered the military or naval service of the United States should be placed on the eligible list of such grade, and that his salary should be fixed at the medium amount prescribed for such grade and that he shall " be preferred for any appointment or promotion thereafter made in such grade in the department in which he shall be employed."

The petition shows that the petitioners are patrolmen on the police force of the city of New York and took and passed a competitive examination for promotion to the rank and grade of sergeant and that their names are on the eligible list as the result of such examination; that Barthelmess' name is 76th thereon with a rating of 88.47 and Mulvy's name is 79th with a rating of 88.45 and Bennett's is 133d with a rating of of 88.04; that the names of Kelly, Holt and Gnotosky are in that order at the head of the list; that there is a vacancy in the rank and grade of sergeant; that said Cook was also a patrolman and took and passed the examination with a relative rating of 86.39 and that his name is 363d on the eligible list; that on the 12th of May, 1920, the commission, purporting to act on the authority of chapter 282 of the Laws of 1920, certified the name of Cook to the police commissioner as eligible for promotion to fill the vacancy; that the civil service rules duly adopted and approved pursuant to section 11 of the Civil Service Law* provide that such vacancies shall be

---

* Amd. by Laws of 1916, chap. 357. See N. Y. Mun. Civ. Serv. Rules, rules 11, 15, 17.— [REP.

filled by the selection of one of the first three on the eligible list, and that the appointment of Cook would be in violation of the Constitution and an infringement on the rights of the petitioners and that unless the certification be withdrawn, the commissioner will appoint Cook, and they pray for an injunction or stay of such appointment pending the determination of the motion. An affidavit made in behalf of the commission by the respondent Cukor, who was its president, shows that in April Cook instituted a mandamus proceeding to compel the commission to give his name a preference in certifying on the ground that he was in the Federal military service at the time of the examination and passed the examination with a relative rating of 86.39; that his application was based on chapter 241 of the Laws of 1919, which added subdivision 7 to section 245 of the Military Law, as added by chapter 103 of the Laws of 1911 and amended by chapter 435 of the Laws of 1917, and on chapter 282 of the Laws of 1920, amending said subdivision, which was enacted and took effect on the 19th of April, 1920; that the commission was advised that chapter 241 of the Laws of 1919 applied only to those absent in military service when the promotion examination was held and were unable to take it for that reason, and that Cook did not fall within that statute since he obtained leave of absence from the military service and took the examination, but that his case was covered by the amendment of 1920 and his name was accordingly placed at the head of the list and certified for appointment; that thereafter several other patrolmen who had passed the examination notified the commission that they too were veterans of the World War and claimed the preference given by chapter 282 of the Laws of 1920; that the commission was advised that these laws gave the World War veterans no preference as between themselves, but merely a preference over others and that, therefore, they should be certified in the order of their rating on the examination, and it appearing that Cook's name would not be at the head of the list, his name was recalled with a view to preparing a list of those entitled to the preference. It does not appear from the affidavit that the commission had made any determination in that regard or that the name of Cook or that of any other veteran of the World War had

been again certified for appointment. Cook is not a party to this proceeding, but his attorney and counsel were permitted to appear on the motion and to file a brief here as *amici curiæ* in behalf of Cook and about twenty others claiming a like preference. It is stated in the points that Cook's application for a mandamus was instituted on the twenty-seventh of April and that it was heard with the application now under review and as appears by the opinion in *People ex rel. Cook* v. *Cukor* (N. Y. L. J., June 7, 1920) it was denied, not on the merits, but on the ground that the commission was making up a list of those entitled to preferences under chapter 282 of the Laws of 1920, and that it might be renewed if necessary. It is also stated in the points filed in behalf of Cook and others that the new list of those entitled to preferences was prepared and their names have been certified and that they have been appointed to the new grade and have been serving therein for many months; but those facts are not shown by the record. It is quite plain that the Legislature in enacting these statutory provisions intended to give a *preference* in appointments and promotions to those whose names were on the eligible list and who had been in the military or naval service of the State or of the United States before passing the promotion examination or when they passed it or had entered the Federal service after passing the examination; and that they were not enacted on the theory that being in or entering such military or naval service constituted evidence of superior merit and fitness entitling such officer or employee to be ranked or rated higher than any others on the eligible list, for the preference is given without regard, so far as Federal service is concerned, to whether the service was entered voluntarily or through conscription or to the length or nature of the service and is not expressly limited to those who have been honorably discharged from such service. Counsel for the appellants contends that these preferences are in violation of section 9 of article 5 of the State Constitution adopted in 1894, which provides as follows: " Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practi-

cable, shall be competitive; provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late Civil War, who are citizens and residents of this State, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made. Laws shall be made to provide for the enforcement of this section."

·This was the first incorporation of any civil service provision in the State Constitution and it will be observed that it confers a preference in favor of all veterans of the Civil War who were honorably discharged, to the extent of providing that after their merit and fitness had been ascertained and their names had been placed upon an eligible list, they should be preferred for appointments and promotions over all others on the eligible list. Although there is no reference in the statutes, the validity of which are challenged on this appeal, to the preference given to the honorably discharged soldiers and sailors of the Civil War, it must be assumed that the Legislature, with respect to the preferences now in question, meant merely that the names of those in whose favor this new preference is given should be certified for appointment and promotion in the order of their respective ratings on the eligible list *following* the names, if any, of honorably discharged soldiers and sailors of the Civil War. I, therefore, see no force in the contention that these statutory provisions conflict with the constitutional preferences given to the honorably discharged soldiers and sailors of the Civil War. It is broadly contended in behalf of the appellants and counsel for the Civil Service Forum that the constitutional provisions are to be construed as forbidding by implication any other preference in appointments or promotions than those expressly given thereby to honorably discharged soldiers and sailors of the Civil War. In deciding that point it is necessary to consider the law as it existed in this State before the adoption of these constitutional provisions. Statutory preferences had long theretofore been given to honorably discharged soldiers and sailors of the Civil War, and the courts had sustained such statutes as valid enactments and not in contravention of any rights of citizens guaranteed by the State or by the Federal Constitution and that it

was competent for the Legislature thus to reward honorably discharged Union soldiers and sailors for their services in the Civil War notwithstanding the fact that the preference was given without regard to whether they entered such service voluntarily or were drafted and without regard to the nature or extent of such services. (*Matter of Wortman*, 22 Abb. N. C. 137; *Matter of Sullivan*, 55 Hun, 285. See, also, *People ex rel. Griffin* v. *Lathrop*, 142 N. Y. 113; *Matter of Keymer*, 148 id. 219, 223.) Such preferences were also sustained as constitutional by the courts of many other States. (*Goodrich* v. *Mitchell*, 68 Kans. 765; *Shaw* v. *City Council*, 131 Iowa, 128; *Opinion of the Justices*, 166 Mass. 589; *State* v. *Shedroi*, 75 Vt. 277.) We come then to the question as to whether it was intended that the constitutional preferences should be exclusive of all others and whether the Legislature has been stripped of all power it theretofore possessed with respect to granting preferences in appointments and promotions. It is well settled that citizens possess no constitutional right to appointments or promotions in the public service and that these are privileges only, which may be conferred for reasons deemed sufficient by the Legislature upon all of the same class, provided there is no discrimination with respect to the classification, and that a classification such as is made by these statutes based upon qualifications for military and naval service and recognition of services rendered to the country in the hour of its need or their readiness and willingness to render such service and upon grounds of public policy may not be said to be arbitrary or declared void upon that ground. (*People ex rel. Kenny* v. *Folks*, 89 App. Div. 171.) With the exception of preferences given to honorably discharged soldiers and sailors of the Civil War whose names are on the eligible list, we find that these constitutional provisions relate only to the ascertainment of merit and fitness and do not expressly or impliedly command that appointments from the eligible list shall be made in the order of the rating of the respective names thereon. This point was necessarily involved in and so decided by the decisions holding that these civil service provisions of the Constitution are to be construed with section 2 of article 10 of the Constitution which precludes the Legislature from making local appointments and provides that such appoint-

ments shall be made by some local authority or authorities designated by the Legislature and that the power of appointment necessarily involves the power of selection and that a statute requiring the local appointing power to appoint the one rated highest on the eligible list is void, but that it is competent for the Legislature to require such an appointment to be made by a selection from the three highest on the eligible list. (*People ex rel. Balcom* v. *Mosher,* 45 App. Div. 68; affd., 163 N. Y. 32; *Chittenden* v. *Wurster,* 152 id. 345, 358; *People ex rel. Qua* v. *Gaffney,* 142 App. Div. 122; affd., 201 N. Y. 535; *People ex rel. Wientz* v. *Burch,* 79 App. Div. 156; *Burke* v. *Holtzmann,* 110 id. 564. See, also, *O'Reilly* v. *Lewis,* 105 Misc. Rep. 380; *Menges* v. *City of Albany,* 56 N. Y. 374; *People ex rel. Kresser* v. *Fitzsimmons,* 68 id. 514, 518.) The statutory provisions existing at the time of the adoption of the Constitution which gave veterans a preference with respect to the determination of merit and fitness by exempting them from examination therefor were deemed abrogated by the Constitution (*Matter of Sweeley,* 12 Misc. Rep. 174; affd., 146 N. Y. 401), and a similar statute enacted after the adoption of these constitutional provisions was likewise declared void. (*Matter of Keymer, supra.*) Those decisions are cited as authority for the contention that the provisions of the Constitution with respect to preferences are exclusive, but that point was not presented for decision therein, and although an opinion to that effect was expressed by the General Term in *Matter of Keymer* (*supra*) that was *obiter* and was not adopted by the Court of Appeals which subsequently in sustaining a statutory preference, not given by the Constitution, in favor of veterans with respect to removal from office, expressly disclaimed that it had so decided in *Matter of Keymer.* (*Matter of Stutzbach* v. *Coler,* 168 N. Y. 416, 421.) A statute conferring special privileges and rights on volunteer firemen with respect to removal from office has been sustained as not in conflict with either the State or the Federal Constitution. (*People ex rel. Kenny* v. *Folks,* 89 App. Div. 172.) The civil service provisions of the Constitution are construed in the light of the then existing Civil Service Laws of the State and on that theory it has been held that the constitutional preferences in appointments and promotions given to veterans do not entitle them

to permanent appointments at the outset and that their original appointment is probationary and is part of the test of merit and fitness, and if they are found incompetent during the probationary period they are not entitled to permanent appointment. (*People ex rel. Sweet* v. *Lyman,* 30 App. Div. 135; affd., 157 N. Y. 368.) Although the Legislature may not make local appointments or enact laws or authorize the civil service commission to adopt rules precluding the exercise of the power of selection by the local appointing authorities, still it is competent for it to regulate such appointments and by reclassifying the service effect promotions therein without examination or new appointments. (*People ex rel. McClelland* v. *Roberts,* 91 Hun, 101; affd., 148 N. Y. 360; *People ex rel. Balcom* v. *Mosher, supra; People ex rel. Murphy* v. *Bingham,* 130 App. Div. 112; affd., 196 N. Y. 519; *Matter of Fay* v. *Partridge,* 174 id. 527; *Matter of Sugden* v. *Partridge,* Id. 95.) It has been held that it is competent for the Legislature with respect to appointments and promotions where competitive examinations are ordinarily practicable to authorize appointments and promotions without examination on special facts and circumstances deemed sufficient to show merit and fitness such as heroism by a policeman or fireman (*Hale* v. *Worstell,* 185 N. Y. 247; *People ex rel. Schelpp* v. *Knox,* 48 App. Div. 477; *People ex rel. Leary* v. *Knox,* 166 N. Y. 444. See, also, *Matter of Beck,* 135 App. Div. 156), but in those instances it is assumed that the special facts and circumstances show merit and fitness of a superior character and it is well settled that merit and fitness need not in all cases be determined by competitive examinations but may be ascertained by any other method or test deemed appropriate to that end. (*People ex rel. Sweet* v. *Lyman, supra; People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570.) Promotion examinations may be confined not only to those in the service but to those who have served a particular period. (*Matter of Ricketts,* 111 App. Div. 669.) It appears that these statutory preferences were repealed by section 2 of chapter 624 of the Laws of 1920, which took effect on the 10th day of May, 1920, twenty-one days after the last amendment was enacted; and the only rights reserved under the repealing statute were as follows: " Provided that this repeal shall not impair any rights heretofore accrued under the provisions

of those subdivisions." The Legislature at the session of 1919 had also passed a concurrent resolution for submitting an amendment to the Constitution to give preferences to all war veterans.* The repeal of the statute and the adoption of the concurrent resolution have no bearing on the constitutionality of the statute. No argument has been made with respect to the effect of the repealing statute and the facts disclosed by the record present no point for decision arising thereon. The appellants by successfully passing the examination and by being on the eligible list acquired tentative rights (*People ex rel. Van Petten* v. *Cobb,* 13 App. Div. 56), for the protection of which they instituted this proceeding; but if the statute be constitutional, they do not show that there were not three or more veterans of the World War entitled to be certified for appointment before the names of the three civilians would be reached for certification. It is not competent for the courts *to review* the action of the Legislature, and a statute may be annulled only on the ground that it clearly contravenes some provision of the State or Federal Constitution.

I am of opinion that the statutory provisions in question do not contravene any constitutional provision and that it was competent for the Legislature to enact them.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.

* See Laws of 1919, p. 1793.— [REP.