In the Matter of the Application of EDWARD J. WALSH, Petitioner, for a Peremptory Order of Mandamus against SAMUEL KAPLAN and Others, Respondents, Constituting the Municipal Civil Service Commission.

Supreme Court, New York County, February 25, 1929.

*McNamara & Kavanagh*, for the petitioner.

*George P. Nicholson, Corporation Counsel*, for the respondents.

TOWNLEY, J.   This is an application for a peremptory order of mandamus against the municipal civil service commission to obtain a rerating for the petitioner in a recent promotion examination for the position of captain in the fire department.   Petitioner took the examination on January 10, 1928.   He performed a meritorious and heroic act in the course of duty on February 27, 1927, but it was not until May 4, 1928, a year and two months later, that he was formally awarded a department medal for valor for such heroic duty.   The petitioner's record as a lieutenant in the fire department was furnished to the civil service commission and contained no reference to any award for meritorious conduct on February 27, 1927, but did contain a reference to an award for meritorious conduct made on June 6, 1917, and also for a meritorious act performed on December 3, 1916.

Among the regulations of the municipal civil service commission is regulation 3, section 9, division 2, subdivision 22, which reads as follows: " 22.  Official awards shall be considered only when granted previous to the date of the mental examination in the rank to which the examination is open, except that where an award is made after the date of a mental examination and the candidate concerned is promoted from the resulting eligible list, such award shall be considered in an examination for the next higher rank."

The rules and regulations of the municipal civil service commission are of the same effect as law.   (See Civ. Serv. Law, § 6, as amd. by Laws of 1927, chap. 440; *Hellyer* v. *Prendergast*, 176 App. Div. 383, 386.)   I am constrained to deny this application,

as the municipal civil service commission is limited to the record as it exists at the time of the mental examination. Notwithstanding that section 279 of the rules and regulations (1926) of the New York fire department requires the board of merit of the fire department to examine reports of meritorious acts within sixty days after the performance of the act, no evidence or record of any approving action of the said board of merit was presented for consideration to the said civil service commission in respect to its action, if any, in regard to the meritorious act performed by relator on February 27, 1927.

As stated by the court in *Matter of Beck* (135 App. Div. 156, 161.) " While we think there has been an extraordinary delay in the fire department in the consideration of the meritorious conduct of the relator, that is a matter which did not come within the purview of the municipal civil service commission and is not involved in this proceeding. As we read the statutes and the rules, the record of seniority, which includes efficiency and meritorious conduct, must be that which exists at the time the examination is taken, as the mental examination is that which is taken at said time; and that the efficiency record can with no more propriety be changed for the purpose of increasing standing upon the eligible list by events which occurred subsequent to the examination for promotion than a candidate could increase his standing upon the mental side of the examination by showing that since that time he had increased his knowledge." The facts in this record fail to establish that the civil service commission has acted otherwise than in accordance with the strict legal rights of the petitioner.

Motion denied, without costs. Settle order on notice.