PEOPLE ex rel. QUA v. GAFFNEY et al.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

1. MUNICIPAL CORPORATIONS (§ 67*)—CIVIL SERVICE—STATUTE—RULES—POWER OF SELECTION.

   The New York Civil service statute and rules enacted thereunder, permitting the selection of one from three persons on an eligible list of candidates for appointment to a city position, give ample power of selection to the appointing board, and is therefore valid, though a statute which confines the appointment to a single person on the eligible list is invalid as interfering with the constitutional right of local authorities to select their own officers.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 161–165; Dec. Dig. § 67.*]

2. MUNICIPAL CORPORATIONS (§ 132*)—CIVIL SERVICE—ELIGIBLE LIST—PREFERENCE—VETERANS.

   Where in a civil service examination to determine eligibles for appointment to the office of sewer, water, and street commissioner and to the office of street superintendent of a village three persons were certified, one of whom was a veteran, the veteran was entitled to a preference of appointment under Const. art. 5, § 9, providing that appointments in the civil service shall be made according to merit, to be ascertained so far as practicable by examination, provided, however, that honorably discharged soldiers and sailors shall be entitled to preference without regard to standing.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 307; Dec. Dig. § 132.*]

   Smith, P. J., and Sewell, J., dissenting.

Appeal from Special Term, Saratoga County.

Mandamus by the People, on the relation of Ransom Qua, against John E. Gaffney, to compel respondent, as Sewer, Water, and Street Commissioner, to appoint relator to the office of Street Superintendent. From an order granting the writ (69 Misc. Rep. 36, 125 N. Y. Supp. 762), the defendants appeal. Affirmed.

Upon the 25th day of June, 1910, a competitive examination was held under the authority and supervision of the State Civil Service Commission to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

determine the qualifications of candidates for the position of street superintendent of the village of Saratoga Springs. The relator and two other persons were certified by the commission as eligible for the appointment. The relator was the only veteran so certified, and stood first upon the list. In certifying the eligible list the State Civil Service Commission further certified: "Under the civil service law Mr. Qua as a Civil War veteran is entitled to an absolute preference in appointment. The provisional term of appointment of Mr. Morrissey cannot under the rules extend beyond the 15th inst." The sewer, water, and street commissioners of the village, the appointing power, refused to appoint the relator and reappointed James Morrissey, the second person on the list. The Special Term granted a mandamus compelling the appointment of the relator, and from that determination this appeal is taken.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Slade, Harrington & Goldsmith, for appellants.

Edgar T. Brackett and Luther A. Wait, for respondent.

JOHN M. KELLOGG, J. In People ex rel. Weintz v. Burch, 79 App. Div. 156, 80 N. Y. Supp. 274, three persons were upon the eligible list of the city of Middleton for appointment as superintendent of streets. One was a veteran, and the court determined that he was entitled to the appointment; and, the common council having selected one of the other three, a peremptory mandamus issued requiring the appointment of the veteran.

The only difference between that case and this is that here the controversy arises in a village, and the statute requires an examination under the authority and supervision of the State Commission, while in a city the statute requires an examination under the authority and supervision of the municipal commission, but the municipal commission is governed by rules and regulations which are only valid when approved by the State Commission. The State Commission may remove a municipal commissioner for cause and appoint another in his place, and may amend or rescind any rule, regulation, or classification of the municipal commission. In fact, the State Commission is the real force, and the municipal commission acts in a great part at least in subordination to it, registering its will, practically assisting in carrying out its policies. These provisions make the difference in the examination for city and village officers more apparent than real.

Upon all points of interest here the reasoning of the Weintz Case is satisfactory and apparently conclusive. It explains the Mosher Case, 163 N. Y. 32, 57 N. E. 88, 79 Am. St. Rep. 552, which was in fact a contest between two veterans standing on the eligible list. The appointing board was evenly divided and made no choice. The veteran graded highest on the list of three demanded his appointment and sought to force it by mandamus, which was denied. He relied upon a statute which required the appointment of the person graded highest on the list. The statute was held unconstitutional (1) as violating the provision that a veteran is preferred without reference to his position on the list; and (2) in requiring the appointment of the person graded highest on the list it deprived the appointing board of all power of selection, leaving its duties merely formal. The Mosher Case, read

with the McClelland Case, 148 N. Y. 360, 42 N. E. 1082, 31 L. R. A. 399, establishes that the civil service statutes and rules which require an appointment from three persons upon the eligible list are valid, but a statute which confines the appointment to a single person upon the eligible list is invalid as interfering with the constitutional right of the local authorities to appoint their own officers. It is therefore established that the Civil Service statute and rules which permit the selection of one from three persons upon the eligible list are valid, and leaves ample power of selection to the appointing board, but a statute which confines the appointment to a single person upon the eligible list is invalid as interfering with the constitutional right of the local authorities to select their own officers.

We quote from the Mosher Case, 163 N. Y. 40, 57 N. E. 91 (79 Am. St. Rep. 552):

"Thus it is seen that the authorities upon the subject and the opinions of those who have been connected with the civil service reform from its inception all agree in the conclusion that the power of selection for a public office is and should be vested alone in the officers or boards authorized to appoint, although it be limited to persons possessing the qualifications required by the civil service statutes and rules, and that at least some power of selection is necessary to constitute an appointment, which should be exercised by the local authorities, independently of the Civil Service Commission."

We held in Scott v. Village of Saratoga Springs, 131 App. Div. 347, 115 N. Y. Supp. 796, that a statute requiring that only a taxpayer may be appointed a member of the sewer, water, and street commission was valid as a legislative determination as to the reasonable qualifications of a village officer, and that the Legislature could determine such qualifications (the cases cited in that case give illustrations of the rule), which decision was adopted and approved by the Court of Appeals (199 N. Y. 178, 92 N. E. 393). "The application of these familiar rules of constitutional construction removes all doubt or difficulty with respect to the question under consideration, and the conclusion must follow that, while the power of appointment and removal is still with the superintendent of public works, it is subject to legislative regulation as to the mode and manner, and is brought within the operation of general laws on that subject." McClelland Case, 148 N. Y. 367, 42 N. E. 1084, 31 L. R. A. 399. In all the cases which have been before the court under the civil service law some statute names the appointing power for the office in question. We are interested in two constitutional and two statutory provisions. One constitutional provision, in substance, requires appointments to be made according to merit and fitness, to be ascertained so far as practicable by examinations in such manner as the Legislature may require. The other, that local officers shall be appointed by some local authority. One statutory provision provides that the merit and fitness of persons who may be appointed shall be determined by examination by the State Civil Service Commission. The other provides that the appointment of an eligible person to fill the office shall be made by certain local authorities. These provisions all harmonize. The freedom to appoint is left with the appointing power, but the number of the persons who may receive appointment is limited to those of proved merit and fitness.

The result of the examination is only that certain persons are found to be ineligible for appointment. I cannot feel that the civil service law violates the letter or spirit of the Constitution, which directs that local officers shall be appointed by local authorities.

If the certification of three names in a city does not interfere with the right of the appointing power, the certification of three names in a village cannot interfere with the constitutional requirement that local officers shall be appointed by local authorities. We have just referred to the Weintz Case as an illustration. I think it will be found that the same principle underlies every case under the civil service law, from which the rule must stand that the Legislature is competent to pass laws as to the qualifications of public officials, and may also create a commission charged with the duty of examining and reporting upon the merit and fitness of candidates for public office, and that the action of such commission does not conflict with the appointing power lodged by statute in various boards and persons. The spirit of the constitutional provision is to remedy abuses theretofore existing by the appointing power in selecting persons who were really not suitable to be public officers, and the intention was that some outside authority should present to the appointing board a list of persons who by proper examination had been ascertained to be of sufficient merit and fitness to hold the place, leaving the appointing power the selection of any person eligible to appointment.

In Chittenden v. Wurster, 152 N. Y. 345, 355, 46 N. E. 857, 859, 37 L. R. A. 809, Justice Haight, writing for the court with reference to the civil service provision of the Constitution, says:

"The provision is mandatory in the respects alluded to, but as to the machinery necessary for the conducting of a competitive examination its execution to that extent is dependent upon the statute. In counties, towns, and villages, no examiners have been provided or provisions made for the carrying of this clause into effect. It is said that each officer having appointments to make could himself examine the applicants for position, and in that way determine who should be the appointee by a competitive examination. Undoubtedly, but it will readily be seen that this system would practically nullify the civil service law, and bring it into disrepute. The learned counsel for the respondents says that there was 'neither statutory nor executive machinery for putting the amendment into effect in villages, so it may be well that as to villages the amendment will, until there be legislation, remain ineffectual.' We quite agree with him in this regard."

The constitutionality of a civil service law cannot be determined by the result of the examination. It is equally valid whether one person or three qualifies. In this case, if three veterans had qualified, or if no veteran had qualified but three nonveterans had qualified, ample power of selection rested with the local authorities. If but one person in either case had qualified, that does not prove the invalidity of the law, but simply shows that there was but one person of merit and fitness who was desirous of receiving the appointment. In this case we find three persons upon the eligible list, giving the board ample power under the statute and the rules of the commission for selection, but the constitutional provision gives to the veteran the first preference, and, of course, it cannot be urged that a provision of the

state Constitution is unconstitutional because of other provisions contained therein.

The statute, and the rules of the Civil Service Commission adopted pursuant to it, presented to the board a list of three eligible candidates, and, aside from the constitutional provision, the local authorities might have appointed either one of the three, but the constitutional provision requires that the relator be appointed. I therefore favor an affirmance of the judgment, with costs.

Order affirmed, with costs. All concur, except SMITH, P. J., dissenting in opinion, in which SEWELL, J., concurs.

SMITH, P. J. (dissenting). In People ex rel. Killeen v. Angle, 109 N. Y. 564, 570, 17 N. E. 413, 415, the question was presented whether a statute which provided for civil service examinations for the appointment to all state offices applied to the superintendent of public works who was by article 5 of section 3 of the Constitution given the power to select and appoint his subordinates. It was there held that the right given to the superintendent of public works by the Constitution was exclusive, and could not be conditioned by any statute providing for the determination by a State Civil Service Commission of qualifications for appointment. Judge Ruger, in writing for a unanimous court, says:

"It was plainly intended thereby to leave to the superintendent exclusively the determination of the propriety of such appointments, and the sufficiency of the qualifications possessed by proposed appointees, and to hold him responsible for the faithful discharge of his intelligence, judgment, and discretion in the performance of that duty. The broad grant of power excludes the idea that it was intended that he should be hampered, restricted, or regulated in its exercise by any extraneous authority whatever except such as might be authorized by other constitutional limitations expressly applicable thereto. When this amendment was adopted, the people had plainly before them the question of mode thereafter to be pursued in appointing subordinate officers of the canals, and they decided to confide their selection to the superintendent and trust to his judgment for the faithful performance of that duty. This decision cannot now be reversed or disregarded without overthrowing the fundamental law, although it may be thought that a better method of performing such duties has since been discovered. Any provision of law therefore which materially interferes with the freedom of selection conferred upon the superintendent and the exercise of his judgment in investigating and determining the fitness and propriety of contemplated appointments seem to us, not only to conflict with the terms of the Constitution, but plainly to violate its spirit and intent."

After this decision, the Constitution was amended in 1894, requiring that appointments and promotions in the civil service of the state and of all the subdivisions thereof, including cities and villages, should be made according to merit and fitness to be ascertained as far as practicable by examinations which so far as practicable should be competitive; and it was further provided that laws should be made to provide for the enforcement of this section. In People ex rel. McClelland v. Roberts, 148 N. Y. 360, 42 N. E. 1082, 31 L. R. A. 399, it was held that this provision of the Constitution should be read in connection with the provision giving the power to the superintendent of public works to appoint his subordinates, and that, inasmuch as a state

civil service board existed to determine the qualifications of appointees, the superintendent of public works was required to appoint from among the three candidates certified by the civil service board.

By section 2 of article 10 of the Constitution it is provided:

"All city, town and village officers whose election is not provided for by this Constitution shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof as the Legislature shall designate for that purpose."

This provision of the Constitution was continued in the Constitution of 1894, but there was no statute existing which provided for examinations for village officers, and it was therefore held that, until the Legislature should make proper provision therefor, the constitutional provision as to villages was inoperative. Chittenden v. Wurster, 152 N. Y. 345, 46 N. E. 857, 37 L. R. A. 809. This defect the Legislature sought to remedy by providing that the State Civil Service Commissioners could, with the consent of the Governor, extend their jurisdiction to villages, and thereupon that appointments could only be made by local officers in a village from candidates examined and certified by the State Civil Service Commission.

The question here presented is whether this statute is effective to remedy the defect pointed out in Chittenden v. Wurster, supra.

It would seem that the constitutional power given to local authorities to appoint local officers was just as broad as the power originally given in the Constitution to the superintendent of public works to appoint his subordinates. If so, within the reasoning of People ex rel. Killeen v. Angle, any provision of law which materially interferes with the freedom of the local officers in the exercise of their judgment "in investigating and determining the fitness and propriety of contemplated appointments" would be in conflict with the Constitution, and violate its spirit and intent.

In the case at bar, by the order appealed from, this commissioner is required to appoint a man without any determination by the commissioner, or by any local body, of his qualifications for office, and, in fact, in face of the determination by the only local officer who has aught to say in the appointment that the relator is not qualified for the place.

It is not questioned if the statute required the qualifications for the office to be determined by a local board that Mr. Gaffney as sewer, water, and street commissioner would be required to make the appointment, and the civil service provision of the Constitution would be made effective as to villages. The vice of the statute is that the determination of the qualifications of the applicant is to be made not by a local board, but by the state board. While the home rule provision of the Constitution must be read with the civil service provision, the home rule provision will not be unnecessarily limited. If the civil service provision of the Constitution may be made effective and still preserve to the localities, not only the bare power of designation, but the fullness of power implied in the right of appointment as interpreted in People ex rel. Killeen v. Angle, that method should be required. It can be made so effective and the full

force of the home rule provision retained by providing for the deter-
mination of the qualifications of candidates by a local civil service
board as is provided in all cities. The statute, therefore, providing
for the determination of the qualifications of applicants for local offices
by the State Civil Service Board is unconstitutional because it unneces-
sarily restricts the power of local appointment given by the Consti-
tution. In the case of People ex rel. Weintz v. Burch, 79 App. Div.
156, 80 N. Y. Supp. 274, the qualifications of the appointees were de-
termined by a local board, and the appointment was thereupon required
by the local officer. It has never been held that a local officer with
the power of appointment may be conditioned by the determination of
the qualifications of the appointee by any other than a local board.

In People ex rel. Balcom v. Mosher, 163 N. Y. 32, 57 N. E. 88,
79 Am. St. Rep. 552, the question considered was a question rather
of constitutional construction than of constitutional invasion. It was
there held that the home rule clause of the Constitution, when read
in connection with the civil service clause of the Constitution, left with
the appointing local authority some power of selection, even though
the determination of the qualifications for office were made by a local
municipal board as it was in that case. It therefore held that the stat-
ute requiring a local officer to appoint the one standing highest on the
list was a violation of the Constitution as thus construed. That case
was decided by a bare majority, and the opinion when read in connec-
tion with the question there decided in my judgment should not be con-
strued as holding that a State Civil Service Commission may limit
the power of appointment of a local officer by determining the qualifi-
cations of the appointees and requiring the local officer to appoint even
from three candidates named by them. Until, therefore, the statute
shall provide for competitive examination by local boards of appli-
cants for local offices within the several counties, towns, and villages
of the state, the determination of the qualifications of applicants for
offices within those localities must be made by the officers in whom the
power of appointment is placed by the statute.

The order should, therefore, be reversed.