(73 Misc. Rep. 432.)

### MORRISSEY v. SEWER, WATER & STREET COMMISSION OF SARATOGA SPRINGS.

(Supreme Court, Trial Term, Saratoga County.   September, 1911.)

MUNICIPAL CORPORATIONS (§ 231*)—PUBLIC "OFFICER"—INTEREST IN MUNICIPAL CONTRACTS.

Village Law (Consol. Laws 1909, c. 64) § 332, providing that an "officer" shall not be interested in a contract which he or a board of which he is a member makes on behalf of the village nor in furnishing work or materials, *held* not to apply to the street superintendent of the village of Saratoga Springs, as the act creating such office omitted as to him the restriction applicable generally to village officers, so that he may recover for the use of a horse and wagon furnished by him to convey the sewer, water, and street commissioner about the village in the discharge of his duties.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 657–664; Dec. Dig. § 231.*

For other definitions, see Words and Phrases, vol. 6, pp. 4933–4951; vol. 8, pp. 7737, 7772.]

Action by James Morrissey against the Sewer, Water, and Street Commission of Saratoga Springs, N. Y. Judgment for plaintiff.

---

Slade, Harrington & Goldsmith, for plaintiff.
Frank Gick, for defendant.

J. A. KELLOGG, J. From the 15th day of July, 1910, to the 1st day of March, 1911, the plaintiff furnished to one John E. Gaffney, sewer, water, and street commissioner of the village of Saratoga Springs, N. Y., a horse and wagon for the purpose of conducting the said Gaffney about the village in the discharge of his duties. The use of said horse and wagon was reasonably worth $225. At the time, the plaintiff was acting street superintendent. His title to the office, however, was during this time disputed; and by a decision of the Court of Appeals his appointment was declared illegal. People ex rel. Qua v. Gaffney, 201 N. Y. 535, 94 N. E. 1098, affirming without opinion, 142 App. Div. 122, 126 N. Y. Supp. 1027. The horse and wagon were furnished during the period in which the plaintiff assumed to act as street superintendent.

The defendant disputes the legality of the claim because of a provision in section 11 of chapter 506 of the Laws of 1902 creating the office. This section provides as to the street superintendent, after placing him under the direction and control of the sewer, water, and street commission:

"He shall not be directly or indirectly interested in any contract to which the village or any of its boards or officers is a party; nor in any contract made under or by virtue of this. act."

The provision of section 332 of the village law (Consol. Laws 1909, c. 64), upon this subject, is as follows:

"An officer shall not be directly or indirectly interested in a contract which he or a board of which he is a member is authorized to make on behalf of the village; nor in furnishing work or materials."

The Legislature, therefore, saw fit to materially alter the phraseology applicable to village officers in general, when it provided for the creation of the subsidiary office of street superintendent of village of Saratoga Springs, and omitted as to him the restriction applicable generally to village officers, prohibiting them from furnishing work or materials to the village. It would seem clear that the lawmaking power by such omission intended that such restriction should not apply to this officer, who was placed entirely under the control of the commission, and had no independent powers. There can, therefore, be no legal objection to his recovering in this action for providing a horse and wagon to convey the commissioner about the village in the discharge of his duties.

This conclusion renders unnecessary a consideration of the other contention made by plaintiff that at the time the services were rendered he was not a de jure official, properly acting as such, and therefore the prohibition of the section is inapplicable.

Judgment may be entered for the plaintiff for the relief demanded in the complaint.

Judgment accordingly.