OSCAR FRISTAM,

*Plaintiff*

vs.

THE CITY OF SHERIDAN, WYOMING, a Municipal Corporation; L. C. Borland, E. J. Sinn & A. F. Meyer, constituting the Police Department Civil Service Commission in and for the City of Sheridan, Wyoming, a Municipal Corporation,

*Defendants.*

(No. 2415; May 31st, 1949; 206 Pac. (2d) 741).

For the plaintiff the cause was submitted upon the brief and also oral argument of John F. Raper of Sheridan, Wyoming.

For the defendant the cause was submitted upon the brief and also oral argument of H. Glenn Kinsley of Sheridan, Wyoming.

## OPINION

BLUME, Justice.

This is an action involving the constitutionality of Chapter 69 of the Session Laws of 1937, now comprised in Sections 29-1501 to 1523. Section 29-1502 provides as follows:

"The City Council may establish in each of the incorporated cities and towns in the State of Wyoming, maintaining a paid Police Department and having a population of over four thousand (4,000) according to

the latest United States Census, a commission which shall be known as the Police Department Civil Service Commission; provided that when such commission shall have been established, as hereinafter provided, it shall not be abolished except by a majority vote of the qualified electors of the City or Town where the same is established."

The purport of the statute, speaking briefly, is to have police officers appointed according to merit and efficiency. Some of the main provisions are as follows: The commission consists of three commissioners who serve without compensation. Each commissioner must be a qualified elector of the city and serves for a term of three years and until his or her successor is appointed and qualified. The commission conducts examinations and classifies the various employees in the police department into classes based upon the nature of the service to be rendered or duties to be performed, and the mayor and city council must establish uniform wages or pay for all employees in each particular class and may lower or increase such uniform rate of wages or pay and reduce or increase the number of employees in any class as they shall deem necessary or proper. The commission, together with a committee of three designated by the mayor from the city council, shall adopt and enforce such rules and regulations as may be deemed necessary for the government of their proceedings under the legislative act. When a position is to be filled in the police department, the mayor and council or the chief of police shall request the commission for the names of three qualified and eligible persons and thereupon the commission shall certify the names of such three eligible and qualified applicants found to be such after examination by the commission, and one of these so certified must be employed. The period of employment, however, is for only six months, in the first instance, at the end of which time if the conduct and service of the person employed has been

satisfactory, he may be permanently employed, otherwise he shall be dropped from the register. Discharge from the police department or reductions in grade or compensation, or both, may be made for any cause not political or religious, which will promote the efficiency of the service, but that cannot be done except after a hearing had before the commission, unless the number of employees is decreased by the mayor and city council as hereinbefore mentioned and specifically provided in Section 29-1507, Wyo. Comp. St. 1945. The legislative act does not apply to the chief of police.

The City of Sheridan, a city of the first class and operating under the commission form of government, on September 12, 1938, established a police department civil service commission as provided by the foregoing legislative enactment, appointing three commissioners as provided by Section 29-1503. On January 10, 1939, Oscar Fristam, the plaintiff herein, made an application to the commission to be appointed as a police officer. He was recommended as such by the commission on February 6, 1939, and on that date was employed by the city as such. He continued in the employ of the city as a police officer until May 10, 1947. On May 9, 1947, written charges of misconduct were filed against him and the commission thereupon, on May 10, 1947, suspended him as such police officer and intended to give him a hearing on the charges so filed. These charges were denied by the plaintiff pursuant to a written denial filed by him before the commission. Before the hearing was held, the plaintiff, Fristam, filed in the District Court of Sheridan County, his petition for a declaratory judgment. He alleged that the legislative act hereinbefore mentioned is in violation of Section 37, Article 3, of the Constitution of Wyoming, reading as follows:

"The legislature shall not delegate to any special commissioner, private corporation or association, any

power to make, supervise or interfere with any municipal improvements, moneys, property or effects, whether held in trust or otherwise, to levy taxes, or to perform any municipal functions whatever."

He further alleged that the attempt of the commission to suspend the plaintiff from performing his duties as a police officer and to remove him as such, is without due process of law in violation of Section 6, Article 1, of the Constitution which provides that "no person shall be deprived of life, liberty or property without due process of law." He accordingly asked that the court determine the constitutionality of the legislative act aforesaid and that the police department civil service commission of the City of Sheridan be restrained and enjoined from holding or conducting any trial on the charges of misconduct filed against him. The City of Sheridan filed an answer in the case alleging that doubt exists as to the constitutionality of the legislative act in question; that it is important that this question be determined, so as to remove any uncertainties in connection with the appointment of police officers of the city. The facts in the case were stipulated and the court entered an order finding the facts in accordance with the stipulations and thereupon submitted to this court, difficult constitutional questions as follows:

1. Is Article 15 of Chapter 29 of Wyoming Compiled Statutes of 1945 or is any Section thereof, and particularly Sections 29-1502 to 29-1523 or either of said Sections, in violation of Section 37, Article 3, of the Constitution of Wyoming?

2. Is Article 15 of Chapter 29 of Wyoming Compiled Statutes of 1945, or is any Section or part thereof in violation of Section 1 or Section 27 of Article 3 of the Constitution of the State of Wyoming?

3. Is Article 15 of Chapter 27 of Wyoming Compiled Statutes of 1945 or is any Section or part thereof in violation of Section 6 or Section 7 of Article 1 of the Constitution of the State of Wyoming?

4. Is Article 15 of Chapter 29 of Wyoming Compiled Statutes of 1945 or is any Section or part thereof in violation of Section 1 of Article 2 of the Constitution of the State of Wyoming?

The plaintiff in this case made application to become, and he became, a police officer of the City of Sheridan under the provisions of the legislative act in question here. He received and accepted benefits under the Act. Except for the fact that he was entitled to a hearing as to any misconduct before the commission, he could have been discharged from his functions instantly. See Sections 29-515 and 516, Wyo. Comp. St. 1945. It is accordingly at least a serious question whether or not he has a right to question the constitutionality of that Act. 16 C. J. S. 184, 187. The City of Sheridan, however, considers it essential that the constitutionality of the Act should be determined, so we shall do so insofar as is proper and necessary. Counsel for the plaintiff contends that the Act is in violation of Section 37, Article 3, of the Constitution of this state. He makes no other contention, and does not attack the Act as being in violation of any other constitutional provision. In fact he states in his brief that he doubts that any of the provisions of the Constitution, other than that above mentioned, are violated. Courts will not pass upon constitutional questions unless necessary. 16 C. J. S. 207-208. We shall not, accordingly, pass upon the constitutionality of the legislative act in question except insofar as it is in controversy herein and we shall leave other constitutional questions submitted to us unanswered.

Counsel for the plaintiff, in brief, contends that the police civil service commission above mentioned, performs a municipal function; that it alone determines as to who shall be employed as police officers of the City of Sheridan; that the governing body of the city has no control whatsoever over the powers of the com-

mission as enumerated in the legislative act; and that this is in violation of the Section 37, Article 3, aforesaid. We shall, for the purpose of this opinion, assume, without deciding, that the police department civil service commission performs a municipal function. But see McQuillan, Municipal Corporations, Revised Edition, Section 2575, 11 Am. Jur. 615, 37 Am. Jur. 697-698.

It is stated in 43 C. J. 607: "The restrictions placed upon the appointing power by these laws (civil service laws), and by the rules prescribed by commissioners appointed under such laws, have been quite generally held to be constitutional." McQuillan, supra, section 458.1 states: "To secure appointments to and promotions in the municipal service solely on the ground of fitness, competency and merit, rather than because of political, economic or social influence or mere favoritism, to be ascertained so far as practicable by competitive examination, and to protect subordinates and employees, civil service laws generally exist, and are uniformly sustained as valid and constitutional." In 16 C. J. S. 381, it is stated as follows: "The legislature may establish a civil service commission, and, within limitations imposed by the constitution, may confer upon it authority to adopt and enforce rules for carrying into effect the provisions of a civil service statute, including rules governing the appointment of public officers, their tenure of office, promotion, and removal; to classify offices and employments; to determine exemptions on account of the impractibility of ascertaining merits by examination; and to make investigations concerning the action of persons in the public service and make reports thereof." See also 10 Am. Jur. 923; 12 C. J. 850; 46 C. J. 954, Annotation in 34 L. R. A. N. S. 480 to 486, Annotation in Ann. Cas., Volume 27, 1005 to 1014; Dillon, Municipal Corporations (5th ed), sections 397-398. Courts do not declare legislative acts

unconstitutional unless the unconstitutionality is clear, and in view of the fact that civil service laws exist generally all over the United States, it must be apparent that we should hesitate in declaring the legislative act in question to be unconstitutional unless it is clearly so.

In the case of State vs. Edwards, 38 Mont. 250, 99 Pac. 940, the Supreme Court of Montana had under consideration, a constitutional provision identical with Section 37, Article 3, of our Constitution, and held that a provision for a police commission in a city is not a special commission within the meaning of that constitutional provision. The court said in part: "No extraordinary powers are conferred upon the members of the examining and trial board. Their duties consist merely in designating certain applicants as having the necessary qualifications to act as policemen and in trying charges against members. It is expressly provided that the mayor shall have charge of, and supervision over, the police department, and shall appoint all the members and officers thereof, including the members of the examining and trial board. No department is added to the city government and none is cut off therefrom. No powers are taken away from any department, nor are the powers or functions of any department interfered with or in any way curtailed." We have examined the Montana Legislative Act referred to in the foregoing case. It is, in effect, not a great deal different from the Wyoming Legislative Act in question here, except that the act was compulsory and its adoption was not left to the discretion of the city. Appointments were required to be made from a list of eligibles selected after examination by the civil service commission and the appointees could be discharged only after a hearing by the commission.

Pennsylvania has a constitutional provision similar to Section 37, Article 3, of the Wyoming Constitution.

That state, in 1941, adopted a legislative act in question which provided for the appointment of a police civil service commission to adopt rules and regulations for the appointment, promotion and reduction in rank, suspension and removal of paid members of the police force in municipalities. The Act was attacked as unconstitutional. In Haverford vs. Siegle, 346 Pa. 1, 28 Atl. 2d 786, the legislative act was held to be constitutional. Although the above mentioned constitutional provision was not brought in question, the holding of the court indicates at least that such legislative act was not thought to be invalid on the ground mentioned by counsel for plaintiff in the case at bar. See also Junge's Appeal, 89 Pa. Sup. 548.

We take it that the chief objection, if any, that could be made to the legislative act in question in the case at bar, is that the city must employ in any one case, one of three persons recommended as fit and competent by the police civil service commission. Other provisions, such as that relating to discharge, hearing, etc., seem to be incidental thereto, or are at least not on a different plane, so that if the foregoing objection is not well taken, the others would seem to fall with it. We shall, therefore, examine that objection. The point was before the Attorney General of the United States twice in connection with the civil service laws of the United States. In 13 Opinions of Attorneys General 516, 524, that officer stated as follows:

"Though the appointing power alone can designate an individual for an office, either Congress, by direct legislation, or the President, by authority derived from Congress, can prescribe qualifications, and require that the designation shall be made out of a class of persons ascertained by proper tests to have those qualifications; and it is not necessary that the judges in the tests should be chosen by the appointing power. Attorney-General Legare has given an opinion upon a question similar in principle. Discussing the subject of appoint-

ment of inspectors of customs by the Secretary of the Treasury, he considers that it would 'be a fair constitutional exercise of the power of Congress to require that the Secretary should make an appointment out of a certain number of nominees proposed by a collector,' (4 Opins., 164). The act under which the present civil-service commission has been organized gives the President authority 'to prescribe such rules and regulations for the admission of persons into the civil service of the United States as will best promote the efficiency thereof,' and this very ample authority will certainly embrace the right to require that the persons admitted into the service shall have been found qualified by competent examiners."

In the case of People vs. Mosher, 163 N. Y. 32, 57 N. E. 88, 79 A. S. R. 552, the court had under consideration a civil service law applicable to municipalities, in the light of a constitutional provision which was as follows: "All city * * * officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of such cities, * * * or appointed by such authorities thereof, as the legislature shall designate for that purpose." It was held that the obvious purpose of this provision of the Constitution was to secure to the people of municipalities, the right to have their local offices administered by officers selected by themselves. The purpose thereof, accordingly, was similar to the purpose of Section 37, Article 3, of the Wyoming Constitution. The court held that a statute requiring the appointment by the local authorities of one who was rated highest by the civil service commission was in violation of the foregoing constitutional provision, but the court also virtually held that if a choice could be made from a number certified as eligible by the civil service commission, the Constitution would not be violated. The court on that point said in part: "Thus it is seen that the authorities upon the subject and the opinions of those who have been connected with the civil service reform from its inception

all agree in the conclusion that the power of selection for a public office is and should be vested alone in the officers or boards authorized to appoint, *although it be limited to persons possessing the qualifications required by the civil service statutes and rules,* and that at least some power of selection is necessary to constitute an appointment, which should be exercised by the local authorities, independently of the civil service commission. * * * Although this court in effect held that the statute of 1883 and the rules adopted by the civil service commissioners under it, which required that officers to be appointed should be selected from the highest three on the eligible list, was valid * * * still, when the legislature has, by statute, undertaken to deprive the local authorities of all right of selection and appointment, is has exceeded its constitutional power and the act is clearly in conflict with the provisions of the organic law and invalid."

A like question was involved in the case of People ex rel. vs| Gaffney, 142 App. Div. 122, 126, N. Y. S. 1027. In that case, the court said: "It is therefore established that the Civil Service statute and rules which permit the selection of one from three persons upon the eligible list are valid, and leaves ample power of selection to the appointing board, but a statute which confines the appointment to a single person upon the eligible list is invalid as interfering with the constitutional right of the local authorities to select their own officers." The case was affirmed without opinion by the Court of Appeals of New York in 201 N. Y. 535, 94 N. E. 1098. In the case of Barthelmess et al. vs. Cukor, 194 App. Div. 359, 185 N. Y. S. 191, 197, the court said: "Although the Legislature may not make local appointments, or enact laws, or authorize the Civil Service Commission to adopt rules, precluding the exercise of the power of selection by the local appointing authorities, still it is competent for it to regulate such

appointments, and by reclassifying the service effect promotions therein, without examination or new appointments." In the case of Rosoff vs. Haussamen, 59 N. D. 154, 228 N. W. 830, 835, the court said: "The civil service laws, requiring more than one name on the civil service list, for promotion or appointment to office, are only necessary when there are constitutional restrictions, and even then, by the weight of authority, the constitutional discretion in the appointing officer is satisfied with a list of three names from which he can make his selection." In 10 Am. Jur. 923-924, speaking of civil service laws, it is stated: "Nor do such statutes unconstitutionally interfere with the inherent right of a municipal corporation to select its own officers. * * * A restriction of choice among three names has uniformly been upheld as valid, even where a constitutional right to select their own subordinates is expressly given to local authorities."

In view of the foregoing authorities, we think it clear that the contention of counsel for the plaintiff in the case at bar cannot be sustained. We know of no case in which the fundamental reason therefor has been expressed better than in Rogers vs. Common Council of Buffalo, 123 N. Y. 173, 188, 25 N. E. 274, 9 L. R. A. 579, in which the court stated among other things as follows:

"Looking at it as a matter of common sense, we are quite sure that the framers of our organic law never intended to oppose a constitutional barrier to the right of the people through their legislature to enact laws which should have for their sole object the possession of fit and proper qualifications for the performance of the duties of a public office on the part of him who desired to be appointed to such office. So long as the means adopted to accomplish such end are appropriate therefor, they must be within the legislative power. The idea cannot be entertained for one moment that any intelligent people would ever consent to

so bind themselves with constitutional restrictions on the power of their own representatives as to prevent the adoption of any means by which to secure, if possible, honest and intelligent service in public office."

Counsel for the plaintiff contends that the case of Stewart et al. vs. City of Cheyenne, 60 Wyo. 497, 154 Pac. 2d 355, is controlling herein and that under the rule of that case we must hold the legislation in question in the case at bar to be in violation of Section 37, Article 3, of the Constitution. We do not think so. We think that counsel has overlooked controlling factors in the foregoing case. We there had under consideration Chapter 109, Session Laws of 1943, now Sections 29-2801 to 2813, under which the City of Cheyenne created a water board (public utilities board). We held that the local governing authorities must have control of the board. The legislation involved in that case gave the water board control of the local governing authorities in certain particulars rather than the reverse, and we held that these provisions were in violation of Section 37, Article 3, supra. None of these provisions so held unconstitutional are involved in the case at bar and have no bearing herein. Only one item in the legislation involved in that case is similar to the provision in the legislation involved in the case at bar, namely, the provision that the ordinance creating the water board could not be repealed except by a vote of the people. We held that provision, standing without further safeguard, obnoxious to the constitutional provision above mentioned. But we held further that this provision was severable. And so we must hold in this case that the comparable provision in Section 29-1502, Wyo. Comp. St. 1945, is severable. We held further in the foregoing case that with this severable provision eliminated, as it should be, and with the other unconstitutional provisions (not involved herein) eliminated, the Act could be upheld in view of the resulting fact

that the ordinance creating the water board could be repealed at any time by the local governing authorities. Hence, we did not disturb the existence of the water board or its operation within constitutional limitations. So in this case, with the severable portion above mentioned eliminated from the legislation in question here, thus enabling the local governing authorities to repeal the ordinance adopting the legislative act in question, we think the statute should be upheld as valid. That this result is proper, is even clearer in this case than was the like result in the Stewart case, as shown by the following facts: The chief of police is not included within the provisions of the statute in question and through him, the local governing board of Sheridan controls the whole of the police department of the city. This governing board participates in making the rules and regulations of the police civil service commission. If a policeman proves to be unsatisfactory after the probationary period of six months, he may be discharged. The city authorities may reduce the number of policemen at any time. They are at liberty in filling a vacancy to choose anyone of those recommended as fit and eligible. They may, as stated, abolish the police civil service commission at any time by repealing the ordinance adopting the provisions of the statute. Hence it is clear that the commission merely lends a helping hand to the governing authorities in the efficient administration of municipal affairs. No sound reason appears why this helping hand should be denied them. As stated above in the New York case last cited: "The idea cannot be entertained for one moment that any intelligent people would ever consent to so bind themselves with constitutional restrictions on the power of their own representatives as to prevent the adoption of any means by which to secure, if possible, honest and intelligent service in public office."

We, accordingly, answer herein that the legislative act in question here is not in violation of Section 37, Article 3, of the Wyoming Constitution.

RINER, C. J. and KIMBALL, J., concur.