The STATE of Wyoming on the relation of FIRE FIGHTERS LOCAL 279, I.A.F.F., and L. K. Henning, Plaintiffs,

v.

Herbert KINGHAM, Mayor and Commissioner of the City of Cheyenne, Floyd Holland, Commissioner of the City of Cheyenne, and George Dubois, Commissioner of the City of Cheyenne, Defendants.

No. 3552.

Supreme Court of Wyoming.

Nov. 22, 1966.

Kline & Tilker, James A. Tilker, Cheyenne, for appellant.

A. Joseph Williams, City Atty., and Robert L. Duncan, Asst. City Atty., Cheyenne, for defendants.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice GRAY delivered the opinion of the court.

In 1965 the legislature of this state passed an Act entitled "AN ACT to provide for settlement of disputes concerning wages or rates of pay and other terms and conditions of employment of employees of fire departments." Ch. 197, S.L. of Wyoming, 1965 (Tit. 27, Ch. 14, W.S.1957, 1965 Cum. Supp.). For convenience we summarize the several sections of the Act. Section 27–265, W.S.1957, 1965 Cum.Supp., defines "fire fighters" to mean paid members of any regularly constituted fire department in any city, town, or county within the state. Under §§ 27–266 and 27–267, "fire fighters," through their authorized bargaining agent, are granted the right to bargain collectively with their employer concerning "wages, rates of pay, working conditions and all other terms and conditions of employment." Section 27–268 makes it the duty of the municipal authorities to meet and confer in good faith with the bargaining agent

within ten days after receipt of notice by the agent that a meeting is desired for collective bargaining purposes. Section 27–269 provides that if agreement has not been reached within 30 days from the first meeting then "all unresolved issues shall be submitted to arbitration." Under § 27–270, the bargaining agent and the corporate authorities are each to name one arbitrator and those two select a third. Section 27–271 provides that "Arbitration shall proceed pursuant to the provisions of the Uniform Arbitration Act." Section 27–272 provides:

"Any agreements actually negotiated between the bargaining agent and the corporate authorities either before, or within thirty (30) days after arbitration, shall constitute the collective bargaining contract governing fire fighters and said city, town or county for the period stated therein, provided that term of such contract shall not exceed one (1) year."

Lastly, § 27–273 provides that whenever rates of pay or any other matter requiring appropriation of money by the subdivision is included in the subject matter of collective bargaining, the agent of the "fire fighters" will serve written notice not less than 120 days prior to the last day on which the funds necessary to meet the terms of the agreement may be appropriated.

The proceeding here directly involves most of the foregoing provisions. There is no dispute as to the facts. Plaintiff was selected as the bargaining agent for the "fire fighters" in the City of Cheyenne. The defendants are the duly elected, qualified, and acting members of the city council. On April 19, 1966, the defendants met with the bargaining agent of the "fire fighters" to renegotiate a collective bargaining agreement. The parties were unable to agree upon all of the proposed terms and pursuant to statute the bargaining agent requested arbitration. The defendants refused to comply and thereupon plaintiff filed its petition in the district court for a writ of mandamus to require the defendants to select and name an arbitrator. It

also sought an alternative writ to require compliance by the defendants with any award made by the arbitrators. The trial court, upon the filing of the complaint on May 24, 1966, granted a peremptory writ requiring defendants immediately to select an arbitrator and to proceed with arbitration pursuant to § 27–271. It also entered an alternative writ directing that the defendants comply with any award made by the arbitrators, or in the alternative to appear some 40 days later and show cause why such award should not be complied with. On the day following the issuance of the peremptory writ the defendants advised the court that an arbitrator had been selected and shortly thereafter the selection of the arbitrators was completed.

On June 23, 1966, the arbitrators proceeded to hold a hearing and thereafter made an award in writing. The award, among other things, recites that the parties appeared and presented their evidence; that the parties had reached agreement with respect to certain of the provisions of the proposed collective bargaining agreement; and that the only unresolved issues related to the provisions concerning wages and hours of work. Those issues were resolved, but inasmuch as we are not here concerned with the details we do not set them forth.

In substance, the terms which the parties agreed upon without arbitration were that the agreement would remain in effect until June 30, 1967; that its terms would apply to all "fire fighters" of the Cheyenne Fire Department; that a vacation of 15 days with pay would be afforded after one year's service with the department; that grievances of any fireman would be handled in keeping with a prescribed procedure; that the members of Local 279 would not "engage in any form of strike or other work stoppage against the City"; that civil service rules and regulations theretofore adopted would apply when not inconsistent with the agreement; that certain holidays were to be observed and provision made for equal time off or compensatory pay; and that sick leave would be granted under

prescribed conditions. Subsequent to arbitration—as appears to be contemplated by § 27-272—the parties agreed upon the hours of labor.

On June 30, 1966, the defendants regularly met as the City Council of the City of Cheyenne and by resolution unanimously decided to reject the schedule of wages awarded by the arbitrators; to continue in force the 1965-1966 wage scale; to authorize the city attorney to proceed to institute legal proceedings to challenge such award on the grounds that the 1965 Act of the legislature was unconstitutional; and with the exception of wages directed the mayor and the city clerk to execute a "Collective Labor Agreement" on behalf of the city. On that same date such an agreement was entered into by the city and by the plaintiffs, reserving rights of both parties as to the matter of wages.

Following this, the city filed its answer to the alternative writ above described wherein among other things the trial court was informed of the foregoing matters and advised that the defendants' refusal to accept the award of the arbitrators was based upon a belief held by the defendants that the Act providing for collective bargaining by city firemen was unconstitutional in that it was in contravention of Art. 3, § 37, and Art. 3, § 27 of the Wyoming Constitution. When the matter came on for hearing before the trial court, the court concluded that important and difficult constitutional questions were presented in the action and on its own motion, pursuant to the provisions of § 1-191, W.S.1957, ordered that such questions be reserved and sent here for determination. In addition thereto the court found that there was no dispute with respect to the facts; that the defendants without prejudice budgeted sufficient monies to cover the award of the arbitrators pending determination of the constitutional questions; that the parties had agreed upon a no-strike or work-stoppage clause; had agreed upon the hours of labor and general working conditions with respect thereto; and that such conditions

and the nature of employment of paid firemen are matters of common knowledge of which the court took judicial notice. The court concluded as a matter of law that the award of the arbitrators under §§ 27-269 and 27-271 was mandatory and binding upon the parties and not merely advisory in nature to the defendants. The questions submitted are:

"I. Do the provisions of Sections 27-269 and 27-271, Wyoming Statutes, 1957, relating to submission to arbitration of unresolved labor issues between a city and paid firemen and to an award of arbitrators, constitute a delegation of power to perform a municipal function, contrary to Article III, Section 37 of the Constitution of the State of Wyoming?

"II. Do the provisions of Sections 27-265 to 27-273, Wyoming Statutes, 1957, relating to collective bargaining by fire fighters and arbitration of unresolved labor issues, constitute a special law, contrary to Article III, Section 27 of the Constitution?"

It will be noticed that reserved question number one relates only to defendants' attack upon the compulsory arbitration provisions of the statute. Reserved question number two is tantamount to a frontal attack upon the Act as a whole.

In disposing of this matter we find it necessary first to inquire whether or not the reserved questions merit our consideration. The inquiry is basic even though the parties have not raised or argued the point. We have said many times that we will not pass upon the constitutionality of a statute when the case can be completely and effectively disposed of without such a decision. Gorrell v. City of Casper, Wyo., 371 P.2d 835, 841; In re Sheridan County Power Dist., 61 Wyo. 365, 157 P.2d 997, 1000. The rule is applicable in proceedings on reserved questions. State ex rel. Keefe v. Jones, 62 Wyo. 61, 161 P.2d 135; State v. Smart, 18 Wyo. 436, 110 P. 715.

Accordingly, we have carefully reviewed the record and pertinent author-

ities to determine whether or not the rule is applicable under the circumstances of this case. We are persuaded that it is. The proceeding can be disposed of without answering the reserved constitutional questions on the basis that the defendants are not now in position to raise the questions and, in fact, to permit them to do so would result in an injustice. That, to us, is apparent.

In presenting the matter here their counsel, it is fair to say, were principally concerned with the provisions of the statute relating to compulsory arbitration. They cite authorities to sustain the contention that the provision constitutes an unlawful delegation of power by the legislature. Whether the contention is sound need not be determined. The point is that the defendants must have been advised of it during the preliminary negotiations of the parties and prior to the time the action here was filed. Otherwise the aid of the court to compel arbitration would not have been necessary. Yet the record discloses that this question was not raised in the trial court at the first opportunity and so far as we can determine was not raised in the proceeding before the arbitrators. If the defendants believed, as they later asserted, that there was nothing to arbitrate because the Act was a nullity, the very least that should have been done was to so inform the arbitrators before they devoted their time and efforts to settle the dispute and arrive at a just result. Particularly is that true when it is considered that the arbitrator selected by them was an able, experienced, and respected attorney, well versed in labor matters. But we do not rest on that alone. The fact is that prior to the hearing before the arbitrators the parties as a result of collective bargaining reached agreement on the several matters set forth above; and, therefore, we can only assume that the terms agreed upon, such as the "no-strike" clause, were beneficial to the city. Apparently the defendants were also hopeful that the award of the arbitrators with respect to the issues of the hours of work and wages would likewise be beneficially settled in their favor

and they elected to pursue that course. Because they have done so and have entered into a "Collective Labor Agreement" with the "fire fighters" on all matters except wages for the period ending June 30, 1967, we conclude that they ought not now to be heard to question the validity of the legislation. To do otherwise is first to ignore the generally prevailing rule that one may not obtain benefits under a statute and later question its validity. We made reference to the rule in Fristam v. City of Sheridan, 66 Wyo. 143, 206 P.2d 741, 743. See also United Fuel Gas Co. v. Railroad Commission of Kentucky, 278 U.S. 300, 49 S.Ct. 150, 152, 73 L.Ed. 390; Sacramento County v. City of Sacramento, 75 Cal.App.2d 436, 171 P.2d 477, 484; and State ex rel. Nielson v. City of Gooding, 75 Idaho 36, 266 P.2d 655, 658. In the Sheridan case the rule was not strictly applied for the reasons stated. Here, however, there is a further circumstance that cannot be overlooked. In addition to the benefits already obtained under the statute at the time the grievances came on for arbitration, the defendants, in effect, gambled on the outcome of that proceeding to obtain further benefits. Even though disappointed, it ill behooves them now to complain of the statute. City of Fargo v. Annexation Review Commission of Cass County, N.D., 123 N.W.2d 281, 285.

■■ We should also mention a further consideration bearing upon this matter. The City of Cheyenne, as a creature of the legislature, has only such powers as have been granted to it by the State. Western Auto Transports v. City of Cheyenne, 57 Wyo. 351, 118 P.2d 761, 120 P.2d 590, 593; Town of Worland v. Odell & Johnson, 79 Wyo. 1, 329 P.2d 797, 803. The plea of the defendants places the city in the position of challenging the authority of its creator. According to some authorities that is an untenable position. As succinctly stated in Town of Waterford v. Connecticut State Board of Education, 148 Conn. 238, 169 A.2d 891, 895, "Towns * * * are creatures of the state, and though they may question the interpretation, they cannot

challenge the legality, of legislation enacted by their creator." See also Henderson v. Twin Falls County, 59 Idaho 97, 80 P.2d 801, 811, appeal dismissed Twin Falls County, State of Idaho v. Henderson, 305 U.S. 568, 59 S.Ct. 149, 83 L.Ed. 358, and City of Marshfield v. Towns of Cameron, etc., 24 Wis.2d 56, 127 N.W.2d 809, 813. The rationale of the rule seems to be that it is for the legislature to prescribe the ground rules for the conduct of municipal affairs and municipalities are not free to censor the legislature in that respect. We do not go so far as to say that the rule is inviolate, but we do believe that it is peculiarly applicable here. It is quite apparent—as we indicated—that the defendants are simply not in accord with the policy established for them by the legislature of submitting unresolved issues growing out of collective bargaining with the "fire fighters" to arbitration. That being true, it is fitting to say that the appropriate remedy is the presentation of their grievance to the forum that is responsible for it. If the policy is wrong, the legislature will no doubt correct it.

For the reasons stated the case will be remanded to the trial court with the questions unanswered.

Case remanded. Questions unanswered.