**Jake SHERMAN, Plaintiff,**

v.

**John BEHNER et al., Defendants.**

**Civ. No. 72–1968.**

United States District Court,
C. D. California.

Jan. 18, 1973.

Jake Sherman, in pro. per.

James O. Kahan, Los Angeles, Cal., for moving party.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW AND ORDER FOR
JUDGMENT FOR DEFENDANT

HAUK, District Judge.

FINDINGS OF FACT

1. On August 28, 1972, Plaintiff Jake Sherman filed the above-entitled complaint.

2. On August 31, 1972, Plaintiff Jake Sherman served the Defendants.

3. On September 19, 1972, James O. Kahan filed a motion to dismiss this complaint.

4. On September 18, 1972, James O. Kahan informed Edward Drew, Chief Deputy Clerk of this Court, that allegations in Sherman v. Dellums, Civil No. 72–1917–AAH and Sherman v. Behner, et al., Civil No. 72–1968–WMB, contained a high degree of similarity, namely, the failure to appoint Plaintiff Sherman to the position of Principal Engineer (Electrical) and requested that both cases be heard by the same judge.

5. On September 26, 1972 the "order of transfer pursuant to 'low-number' rule" was filed and case no. 71–1968–WM B was transferred to Judge A. Andrew Hauk.

6. On September 29, 1972, the Court continued the motion to dismiss from October 16, 1972, to November 20, 1972.

7. On November 14, 1972, the Court continued the motion to dismiss from November 20, 1972, to January 8, 1973.

8. Plaintiff Jake Sherman was employed by the Department of Water and Power of the City of Pasadena as an Associate Engineer (Electrical) from September of 1969 until terminated on April 20, 1971, effective May 4, 1971.

9. The gravamen of said complaint is the failure of the City of Pasadena to

promote Plaintiff Sherman to the position of Principal Engineer (Electrical).

10. Plaintiff Sherman filed an application for the positions of Principal Engineer (Electrical) and Engineer (Electrical) on September 8, 1970.

11. The Personnel Department certified Plaintiff Sherman to take the examination for Engineer (Electrical).

12. Plaintiff Sherman took the examination for Engineer (Electrical).

13. The Personnel Department did no certify Sherman to take the examination for Principal Engineer (Electrical) and did not allow him to take the examination for said position.

From these facts, the Court makes the following

CONCLUSIONS OF LAW

1. The complaint and motion to dismiss were filed in a timely manner.

2. The above-entitled lawsuit was properly transferred to Judge A. Andrew Hauk.

3. The denial to Plaintiff Sherman of admission to the promotional examination for Principal Engineer (Electrical) by the Personnel Department of the City of Pasadena in 1970, did not deprive Plaintiff Sherman of any rights or privileges cognizable under 42 U.S.C. § 1983. [Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) and Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2708, 33 L.Ed.2d 548 (1972)].

4. The complaint is dismissed without leave to amend.

It is ordered and counsel for Defendants will submit appropriate judgment in accordance herewith.

Let judgment be entered accordingly.